## CHARLESTON.

### McCoy v. McCoy et al.

(Brannon, Judge, Absent.)

Submitted June 10, 1892.—Decided Oct. 6, 1892.

1. Attorney-at-Law—Lien.
　　When an attorney is employed by his client to institute proceedings in equity to subject land to the payment of debts and

liens and obtains a decree directing a sale for the satisfaction of the same, and the debtor compromises and pays off the claims asserted against him, the attorney for the plaintiff has no lien against the land of said defendant which would entitle him to a sale of defendant's land.

2. ATTORNEY-AT-LAW—LIEN.

An attorney-at-law has no lien on land for prosecuting a suit to subject it to a debt or claim.

*Dayton & Dayton* for appellant cited 16 W. Va. 378, 392; 14 S. E. Rep. 447.

*J. Brannon* and *G. M. Fleming* for appellees cited 15 W. Va. 398.

ENGLISH, JUDGE:

The facts of this case are as follows: Some time in 1870 Benjamin McCoy, as administrator of Joseph McCoy, deceased, filed his bill in the Circuit Court of Upshur county against John McCoy and Joseph E. McCoy, to subject certain lands in said county, which said John McCoy had conveyed to said Joseph E. McCoy, to the payment of certain debts as liens upon said lands. This suit was defended, and such proceedings were had, that at the February term, 1886, a final decree was entered directing the lands of said Joseph E. McCoy to be sold by a commissioner for the purpose of satisfying the said debts of said administrator. From this decree an appeal was taken to this Court.

In the meantime a suit was pending in the Circuit Court of Barbour county, wherein said John McCoy was proceeding against said Benjemin McCoy to have his powers as such administrator revoked; and on the 8th day of March, 1889, while said appeal was still pending and undetermined in this Court, the said suit in Barbour county came on for trial, and on that day a compromise was effected between the parties in interest, whereby said Joseph E. McCoy promised in writing to pay the said Benjamin McCoy the sum of one thousand and five hundred dollars, and did then pay the sum of five hundred dollars, and paid the residue of one thousand dollars on the 25th day of March, 1889. In consideration of said sum it was agreed, that the said suit of John McCoy against the said Benjamin McCoy, then on

trial in Barbour county, should be at once dismissed, which was accordingly done, and that said appeal and *supersedeas* pending in this Court should be dismissed agreed, and all claim and demand on the part of the said Benjamin McCoy, as administrator, against the said John McCoy and the land of said Joseph E. McCoy was by the said Benjamin McCoy acknowledged to be fully satisfied and discharged.

In accordance with which agreement this Court dismissed said appeal and *supersedeas*, notwithstanding the protest of John Brannon, one of the attorneys in said case.

Said case still remaining on the docket of the Circuit Court of Upshur county on the 13th day of October, 1889, said John McCoy and Joseph E. McCoy moved the dismissal of the same. This motion was heard by Judge GUTHRIE, who at the time was holding the term of the court instead of the regular Judge thereof, who ordered the same to be dismissed; said John Brannon and George M. Fleming opposing said dismissal, and tendering their respective petitions, which said Judge GUTHRIE refused to permit them to file. Judge GUTHRIE, however, left said court before the end of the term, and, the regular judge deeming it improper for him to sit in the case, Alexander M. Poundstone was elected special judge on the 19th day of October, 1889, and, on motion, set aside the order of dismissal, and permitted the petitions of said John Brannon and George M. Fleming, to be filed, and gave said John McCoy and Joseph E. McCoy sixty days to answer said petitions.

The said Brannon and Fleming in their petitions alleged that they were attorneys-at-law, and as such were in said cause attorneys for said Benjamin McCoy, administrator, as aforesaid and as such they were entitled to a fee of one hundred dollars each, to secure which they claimed they had an attorney's lien upon the lands of said Joseph E. McCoy.

On the 1st day of February, 1890, said Joseph E. McCoy demurred to each of said petitions and also answered the same. Depositions were taken by both petitioners and defendant, and subsequently a decree was rendered in said cause, in which it was held that the said Brannon and Fleming each had a right and lien on the said decrees, and

a right to have the land of said Joseph E.. McCoy sold for the satisfaction of their said attorneys' fees ; and the court decreed that they were each entitled to one hundred dollars as a fee; and further decreed that, unless the said Joseph E. McCoy, the said Benjamin McCoy, or other person in interest, should pay to said John Brannon and G. M. Fleming each the sum of one hundred dollars with interest thereon from the date of said decree, within sixty days, then a special commissioner therein named should sell the land so decreed to be sold to satisfy the demands of said Brannon and Fleming for one hundred dollars each with interest as aforesaid, upon the terms provided for in said decree; and the court proceeded to dismiss the motion of said Joseph E. McCoy to dismiss said cause, and gave a decree for costs in favor of said Brannon and Fleming against said Joseph E. McCoy, and from this decree the said Joseph E. McCoy applied for and obtained this appeal.

It will be perceived that both of said petitioners, Brannon and Fleming, were employed by Benjamin McCoy, administrator of Joseph E. McCoy, to obtain a decree subjecting certain lands, which had been conveyed by John McCoy to Joseph E. McCoy to the payment of certain liens and debts; and such proceedings were had that a decree was rendered directing a sale of said land to satisfy said debts and liens.

This decree was appealed from, and in the mean time a suit was pending in Barbour county, in which John McCoy was seeking to have the powers of said Benjamin McCoy, as administrator of Joseph E. McCoy, revoked ; and, while this last-named suit was being tried, a compromise was effected, in which it was agreed that said Barbour county suit should be dismissed, and the appeal pending in this Court from said Upshur county decree should also be dismissed and, in accordance with said agreement, the appeal pending in this Court was dismissed, against the protest of said Brannon, who, together with said Fleming, filed said petitions in the Circuit Court of Upshur county, praying that said lands might be sold for the satisfaction of the fees due them, respectively, amounting to one hundred dollars

each, from their client, Benjamin McCoy, administrator, *etc.*, and that said suit be not dismissed in accordance with said compromise agreement; so that the sole object of said petitions was to subject the lands of Joseph E. McCoy to sale to pay off and satisfy fees which were due them from their client, Benjamin McCoy, administrator, for obtaining a decree for the sale of the lands of said Joseph E. McCoy for the satisfaction of the debts or claims due the estate. represented by said Benjamin McCoy as such administrator.

Under the rulings of this Court in the cases of *Fowler* v. *Lewis's Adm'r* and *Fontaine* v. *Fitzhugh, supra* p. 112 (14 S. E. Rep. 447) the matters set forth in said petitions were not sufficient to entitle the plaintiffs in said petitions to the relief prayed for therein, and demurrers thereto should have been sustained. In the fifteenth point of the syllabus of said cases this Court held that "an attorney has no lien on land for prosecuting a suit to recover it for his client, or for defending a suit to recover it from his client, or to subject it to a debt or claim."

In the case we are considering the fees claimed were due the attorneys from the plaintiffs in a suit brought to subject the defendants' lands to the payment of certain claims and debts due the plaintiffs, which claims and debts were compromised and paid off by the defendants, and, on agreement entered into to dismiss the case, the attorneys for the plaintiffs, under the circumstances, had no right to a decree against the land of the defendants to satisfy their claims against the plaintiffs for fees in said suit, and the demurrers to their petitions should have been sustained.

The decree complained of must therefore be reversed, with costs.

Reversed.