S. C. HOLMES v. J. L. WAYMIRE *et al.*

No. 14,481.    (84 Pac. 558.)

SYLLABUS BY THE COURT.

ATTORNEYS—*Lien for Fees—Extent of Statutory Provision.*
Under the statute an attorney may acquire a lien for his
compensation upon money due his client from the adverse
party in any action or proceeding in which the attorney is
employed, but such lien does not extend to land which is
the subject-matter of the litigation.

Error from Woodson district court; OSCAR FOUST,
judge.   Opinion filed February 10, 1906.   Affirmed.

*S. C. Holmes, pro se.*

*A. F. Florence,* and *G. R. Stephenson,* for defend-
ants in error, except J. L. Waymire.

The opinion of the court was delivered by

JOHNSTON, C. J.:   This was a suit to enforce an at-
torney's lien.   J. L. Waymire brought suit against Ira
Summerfield for the specific performance of a con-
tract for the sale and conveyance of land, and he em-
ployed S. C. Holmes as an attorney to prosecute the
same.   Shortly after the commencement of the suit
Holmes served on Summerfield a notice of an attor-
ney's lien on the land in controversy for his fee in the
case, which he fixed at $150.   Subsequently, and be-
fore a trial was had, Waymire and Summerfield com-
promised their differences and caused the suit to be
dismissed without consultation with, or the consent
of, Holmes.   The latter then brought this suit against
Waymire and Summerfield, and he also named as de-
fendants A. F. Florence, an attorney for Summerfield,
and a party to whom the land had been sold, in which
he asked for the recovery of $150 against Waymire,
and that his attorney's lien be foreclosed and declared
a first lien on the land which was the subject of the
controversy in the suit for specific performance.

Holmes v. Waymire.

Upon the testimony in behalf of Holmes the court gave him judgment against Waymire for $150, but determined that he had not acquired an attorney's lien on the land in question.

The plaintiff's right to a lien is determinable under section 395 of the General Statutes of 1901, which has been amended as to notice since the decision was made by the district court.   (Laws 1905, ch. 68.)   The section provided:

"An attorney has a lien for a general balance of compensation upon any papers of his client which have come into his possession in the course of his professional employment, upon money in his hands belonging to his client, and upon money due to his client, and in the hands of the adverse party, in an action or proceeding in which the attorney was employed, from the time of giving notice of the lien to that party."

This section is a substitute for, and may be said to be a substantial enactment of, the common law upon the subject of attorneys' liens.   It provides, first, for a possessory lien upon any papers of his client which have come into the attorney's hands in the course of his employment, and also upon any money in his hands belonging to his client.   The second provision, which is sometimes called a charging lien, attaches to any money due to his client and in the hands of the adverse party in an action or proceeding in which the attorney is employed, providing the statutory notice has been given.

The plaintiff insists that the lien claimed by him falls within the second class, and that it attached to the land which was the subject of controversy.   The lien is special in its character, and, being statutory, can only attach to the things and upon the conditions prescribed by the statute.   As will be observed, the attorney's lien prescribed is not given upon the subject-matter of the action, but is restricted to money due the client and in the hands of the adverse party. Even under the common law an attorney who com-

menced a suit did not acquire a lien on the subject of action, nor was he allowed a lien on real estate where it was the thing in dispute. (*Humphrey et al. v. Browning et al.*, 46 Ill. 476, 95 Am. Dec. 446; *Martin v. Harrington*, 57 Miss. 208; *McCullough v. Flournoy*, 69 Ala. 189; *Higley v. White et al.*, 102 Ala. 604, 15 South. 141; *Hanger and wife et al. v. Fowler*, 20 Ark. 667; *Rowe, Executor, &c., v. Fogel, &c.*, 88 Ky. 105, 10 S. .W. 426, 2 L. R. A. 708; *Keehn v. Keehn*, 115 Iowa, 467, 88 N. W. 957; *Randall v. Van Wagenen*, 115 N. Y. 527, 22 N. E. 361, 12 Am. St. Rep. 828; *McCoy v. McCoy*, 36 W. Va. 772, 15 S. E. 973; 3 A. & E. Encycl. of L. 461.)

It is true, as is contended, that a judgment determining the amount of money due is not essential to the existence of a charging lien, and also that a collusive settlement and dismissal of a suit will not operate to defraud an attorney of his fee. Under the statute the lien is not upon a judgment, but is upon "money due." In *K. P. Rly. Co. v. Thacher*, 17 Kan. 92, the court, in speaking of the statute, said:

"It does not specify for what the money must be due, nor limit the lien to any particular class of liability or form of action. Wherever an action is pending in which money is due, the attorney may establish his lien. And in an action the verdict and judgment do not create the liability, do not make the 'money due.' They are simply the conclusive evidence of the amount due from the commencement of the action." (Page 101.)

But here money was not the subject of the litigation, nor can it be said that there was any money due Waymire by the adverse party at any stage of the proceeding.

In asking for a liberal interpretation of the statute plaintiff refers to *Noftzger v. Moffitt*, 63 Kan. 354, 65 Pac. 670. While that proceeding. involved property, the judgment rendered provided that the successful party should recover the property or its value. The

property was in fact converted into money under an order of the court, and hence there was money due the client of the claimant, and it was in the hands of the adverse party.

No reasonable interpretation of the statute can make the lien extend to the land over which the parties were contending, and hence plaintiff must look to his client alone for his compensation. This was the view of the district court, and its judgment is affirmed.

All the Justices concurring.