No. 23,503.

Lee Judy and Earle R. Gilbert, Partners under the Firm Name of Judy & Gilbert, *Appellees*, v. The Atchison, Topeka & Santa Fe Railway Company et al., *Appellants*.

SYLLABUS BY THE COURT.

1. Contract—*Administrator Contracting with Himself for Attorneys' Fees—Fiduciary Relations—Violation of Trust.*  A contract for compensation to be paid by the administrator of an estate of a deceased person for services to be performed by the administrator and his partner as attorneys at law, in an action to be commenced by them to recover damages for the wrongful death of the deceased person, is in violation of the trust reposed in the administrator and cannot be enforced.

2. Same—*Contract for Contingent Attorneys' Fees—Contract Champertous and Unenforceable.*  A written contract between an attorney and his client that the attorney will prosecute an action for a fee contingent on the success of the litigation is rendered champertous and unenforceable by a collateral agreement that the attorney will protect the client against the payment of costs.

3. Attorneys at Law—*Conduct in Violation of Professional Ethics—Words of Censure by Supreme Court.*  Where attorneys at law are plaintiffs in an action, and they have acquired their rights to the subject matter of the action in violation of professional ethics, the court will not permit the conduct of the attorneys to pass without censure.

Appeal from Wyandotte district court, division No. 3; William H. Mc-Camish, judge.  Opinion filed April 8, 1922.  Reversed.

Judy & Gilbert v. Railway Co.

*William R. Smith, Owen J. Wood,* and *Alfred A. Scott,* all of Topeka, for the appellants.

*A. J. Herrod,* and *H. S. Roberts,* both of Kansas City, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The defendants appeal from a judgment enforcing a lien for attorneys' fees claimed in an action commenced by the plaintiffs as attorneys for the administrator of the estate of Louis R. Holbrook, deceased, to recover damages for his wrongful death.

The plaintiffs are attorneys at law in Wyandotte county, duly admitted to practice law in this state. Earle R. Gilbert is also public administrator of Wyandotte county under chapter 199 of the Laws of 1903. Louis R. Holbrook, whose home was at West Plains, in Howell county, Missouri, was employed as a brakeman on the Atchison, Topeka & Santa Fe Railway and was killed while in that employ at Edgerton in Johnson county, on November 6, 1919. At that time, he had a place of residence in Kansas City, Kan., at which he had some of his personal effects. Earle R. Gilbert learned of the death of Louis R. Holbrook and went to Edgerton on November 7, 1919, to investigate the latter's death. In a letter dated November 7, 1919, plaintiff Lee Judy wrote to Sarah Holbrook, the mother of Louis R. Holbrook, at West Plains, Mo., and told her that Earle R. Gilbert was public administrator of Wyandotte county, and administrator of the estate of Louis R. Holbrook; that her son had been killed in a Santa Fe wreck; and that on the following day the plaintiffs would file a suit against the Santa Fe Railway for damages for the death of her son. On November 8, Earle R. Gilbert, on his application was, by the probate court of Wyandotte county, appointed administrator of the estate of Louis R. Holbrook, and on that day he contracted in writing with himself and Lee Judy, his partner, authorizing himself and Lee Judy to commence an action in the district court of Wyandotte county. to recover damages for the death of Louis R. Holbrook, agreeing to pay to himself and Lee Judy fifty per cent of the amount recovered, and stipulating "that in the event that no sum shall be received from said defendants" no money should be paid to Earle R. Gilbert and Lee Judy for prosecuting the action. That action was commenced on November 8, 1919. On November 14, 1919, Sarah Holbrook went to the office of the plaintiffs where she signed a contract by which she authorized the plaintiffs to prosecute a claim for damages, agreed to pay them fifty per

cent of the amount recovered, and stipulated that the plaintiffs should not receive compensation for their services in the event that nothing was received from the defendants. The mother testified that she did not want an action commenced, and did not know that she was signing a contract authorizing the plaintiffs to commence such an action. Subsequently, J. C. Holbrook, the father of Louis R. Holbrook, was appointed administrator of the estate of the latter in Howell county, Missouri, where Louis R. Holbrook had personal property. After the appointment of J. C. Holbrook as administrator, he came to the Santa Fe offices in Topeka and there for $1,500 settled the claim of the estate of Louis R. Holbrook for damages on account of his wrongful death. That sum was paid to J. C. Holbrook, as administrator. That settlement, and the payment of the $1,500, was pleaded by the defendants in the action commenced by the plaintiffs in Wyandotte county, and that action was dismissed. The present action was then commenced to recover $750 as attorneys' fees under the contract between Earle R. Gilbert as administrator and himself and Lee Judy as attorneys, under the contract between the plaintiffs and Sarah Holbrook, and under a notice of attorneys' lien that had been served on each of the defendants at the time the summons was served in the action for damages. A notice of attorneys' lien was filed in that action at the time it was commenced.

In the present action, each of the defendants demurred to the petition of the plaintiffs, and each demurrer was overruled. At the close of the introduction of the evidence by the plaintiffs, each of the defendants filed a demurrer to the evidence, and each of those demurrers was overruled. After the evidence had been introduced and the jury had been instructed and had deliberated for some time, the jury was recalled and instructed to return a verdict for the plaintiffs for $750. That was done, and judgment was rendered thereon.

The defendants contend that it was error to overrule the demurrers and to direct a verdict for the plaintiffs. Each part of the contention is good and compels a reversal of the judgment. The demurrers compel judgment in favor of the defendants.

1. A fundamental principle of law known by every lawyer is that an administrator of an estate cannot contract, for his personal advantage, concerning any matter connected with the estate. Such contracts are unenforceable. (1 Woerner's American Law of Administration, 2d ed., *391; 2 C. J. 694; 13 C. J. 415; 25 C. J. 1120; *Frazier v. Jeakins,* 64 Kan. 615, 68 Pac. 24.) They constitute suffi-

cient grounds for the removal of an administrator on account of mis-
conduct. (1 Woerner's American Law of Administration, 2d ed.,
*575; 23 C. J. 1110.) Attorneys at law cannot be allowed to say that
they are ignorant of this principle when they go into court and
undertake to enforce the advantages undertaken to be given to them
under such a contract. More than that, one who is public adminis-
trator in a county like Wyandotte ought to be fully conversant with
this principle because of the many opportunities that are presented
to him for its violation. Even if attorneys are ignorant of this prin-
ciple of law, they should not be permitted to say that they are, be-
cause every man with any sense of the distinctions between right and
wrong knows that it is absolutely wrong for any person to take ad-
vantage of confidence reposed in him.

2. The contract with Sarah Holbrook is invalid for another rea-
son. The plaintiffs commenced the action in Wyandotte county and
themselves gave security for costs. So far as the parents of Louis R.
Holbrook were concerned, the action was to be prosecuted without
any liability for costs on their part. The contract with Sarah Hol-
brook was champertous, and therefore unenforceable. (*A. T. & S. F.
Rld. Co. v. Johnson,* 29 Kan. 218.)

3. What has been said disposes of the judgment, but there is an-
other matter that demands attention. The rule that this court has
followed in writing its opinions is that counsel will not be unneces-
sarily criticised for conduct in the trial of cases in the district court,
or in their presentation in this court, but that rule cannot be fol-
lowed where lawyers become litigants and base their right to re-
cover on transactions that show the grossest misconduct on their
part. Paragraph 28 of the code of professional ethics, as adopted by
the American Bar Association and by the Bar Association of the
State of Kansas, reads as follows:

"It is unprofessional for a lawyer to volunteer advice to bring a lawsuit, ex-
cept in rare cases where ties of blood, relationship or trust make it his duty to
do so. Stirring up strife and litigation is not only unprofessional, but it is in-
dictable at common law. It is disreputable to hunt up defects in title or other
causes of action and inform thereof in order to be employed to bring suit, or
to breed litigation by seeking out those with claims for personal injuries or
those having any other grounds of action in order to secure them as clients, or
to employ agents or runners for like purposes, or to pay or reward, directly or
indirectly, those who bring or influence the bringing of such cases to his office,
or to remunerate policemen, court or prison officials, physicians, hospital at-

tachés or others who may succeed, under the guise of giving disinterested friendly advice, in influencing the criminal, the sick and the injured, the ignorant or others, to seek his professional services. A duty to the public and to the profession devolves upon every member of the bar, having knowledge of such practices upon the part of any practitioner, immediately to inform thereof, to the end that the offender may be disbarred."

This rule is not statutory, but, in the matter of procuring business, it expresses the reasonable ideals of the able lawyers of the state and of the nation. This court has so far approved the rule that it has been regularly and continuously published in the monthly docket since October, 1920.

The petition conclusively shows that both the plaintiffs grossly violated this rule, and the evidence shows the same thing. The public administrator of Wyandotte county, under the cloak of his official position, sought this litigation and, to forestall proper proceedings by the parties interested, had himself appointed administrator of the estate, and contracted with himself and his partner to prosecute this action for a contingent fee, and they immediately commenced the action. A more flagrant violation of this rule of professional ethics can hardly be imagined. No excuse can be given for this kind of conduct by any person who is intelligent and learned enough to be admitted to the bar of the state of Kansas. This conduct shocks the sense of propriety in every honest man. The courts should not permit such conduct to pass without censure, and, in no event, should a court enforce such a contract. This court cannot pass this matter unnoticed.

The judgment is reversed, and the trial court is directed to enter judgment for the defendants. The attention of the state board of law examiners is directed to the record presented to this court in this case with the suggestion that the board give early and careful attention to that record and determine whether disbarment proceedings shall be commenced against Earle R. Gilbert and Lee Judy. The attention of the attorney-general is called to the impropriety of the conduct of Earle R. Gilbert as public administrator of Wyandotte county, and it is suggested that deliberate consideration be given to the advisability of instituting proceedings to oust him from that office.