No. 24,338.

H. O. Trinkle, *Appellee*, v. B. M. McCue and E. R. McCue,
*Appellants*.

SYLLABUS BY THE COURT.

Attorney's Lien—*Notice of Lien Need Not State Terms of Contract of Employment.* It is not essential that a notice of an attorney's lien, given under section 484, of the General Statutes of 1915, state the terms of the contract of employment between the attorney and his client.

Appeal from Finney district court; Charles E. Vance, judge. Opinion filed June 9, 1923. Affirmed.

*F. Dumont Smith,* of Hutchinson, *R. W. Hoskinson* and *Robert S. Field,* both of Garden City, for the appellants.

*Edgar·Foster* and *Horace Foster,* both of Garden City, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is a suit to enforce an attorney's lien. It was tried to the court, with the aid of a jury, which made special findings. Judgment was for plaintiff and one of the defendants has appealed.

A. L. Sedbrook obtained a personal judgment against B. M. Mc-Cue for $5367.50 in the district court of Finney county, and thereafter employed plaintiff, an attorney at law at Garden City, to collect the judgment. Plaintiff prepared a notice of an attorney's lien, entitled in the original cause, which reads as follows:

"To the above named B. M. McCue and his attorneys of record:

"You and each of you are hereby notified that I, H. O. Trinkle, as attorney for the above named plaintiff A. L. Sedbrook, and also as attorney for Wm. Sedbrook and Geo. B. Sedbrook, claim a lien upon the judgment rendered in the above entitled action against said B. M. McCue and upon all money due from said B. M. McCue and owing by him upon said judgment; that my lien upon said judgment and money is claimed for attorneys fees for my legal services rendered to the said A. L. Sedbrook, Wm. Sedbrook and Geo. B. Sedbrook in the above entitled action and in all subsequent actions and proceedings brought for the purpose of compelling the payment of the amount due on said judgment.                                        H. O. Trinkle."

This was served ·by the sheriff upon B. M. McCue personally January 9, 1920, and the notice, with proof of service, was filed in the case. Plaintiff made vigorous efforts to collect the judgment by execution, by attachments upon property which he thought belonged to B. M. McCue, and by proceedings in aid of execution, though

with little success. He obtained a few shares of stock in some corporation, held under such circumstances that they were of little, if any, value. In January, 1921, representatives of McCue met Sedbrook by appointment at Wichita, and paid Sedbrook $2,900 for an assignment of the judgment, which assignment, as shown by the evidence, was made to B. M. McCue. A few days later, Sedbrook was asked to change the assignment, or execute a new one in lieu of it, showing the assignment to E. R. McCue, which Sedbrook refused to do. At that time one of the actions brought by plaintiff in an effort to collect the judgment was pending. In May, 1921, E. R. McCue filed a motion in the last mentioned action setting forth that he had purchased the judgment from Sedbrook, and asked that the action be dismissed. Plaintiff then filed this suit, setting out the above matters, alleged that under his contract with Sedbrook he was to have one-half of the judgment for his services in undertaking to collect the judgment, and to pay him for his services in collecting it, and further alleged that the assignment was, in fact, a satisfaction of the said judgment and had really been made to B. M. McCue; that E. R. McCue was a son of B. M. McCue and that the action of the defendants was for the wrongful purpose of defeating plaintiff's lien and preventing him from collection of his fee. B. M. McCue filed no answer and made no defense to plaintiff's suit. E. R. McCue answered, denying the contract for services between plaintiff and Sedbrook as plead by plaintiff, and alleged that he had purchased the judgment and was the owner of it. Many matters are in the answer pertaining to the situation of the parties, but they need not be detailed. The reply was a general denial. The jury returned the following findings:

"1. At the time plaintiff was employed by Sedbrook to collect the judgment in question, was the compensation he was to receive for such service agreed upon between them? A. Yes.

"2. If you answer question No. 1 in the affirmative, then what was the compensation agreed upon? A. 50 per cent.

. . . . . . . . . . . . . .

"4. If you find that an agreement as to compensation was had, with whom did the plaintiff have such agreement? A. Sedbrook.

"5. If you find that such an agreement was made, about when was it made? A. 1917 or 1918."

The jury made no answer to the following question:

"3. By the terms of the agreement, if you find one was made, was the plaintiff to receive such compensation only in case he succeeded in collecting the judgment, or was he to have it whether he succeeded or not?"

The jury was discharged. Later the case came on for further consideration and judgment. The court adopted the findings of the jury as made and returned and found generally in favor of the plaintiff and rendered judgment as follows:

"It is therefore by the court considered, ordered and adjudged that the assignment of the judgment from A. L. Sedbrook to B. M. McCue executed on the 15th day of January, 1921, was and is a release of said judgment and that said release be and the same is hereby set aside to the extent of one-half of said judgment, and that the one-half of said judgment remaining unreleased is the property of the plaintiff herein."

The judgment also determined the rights of the parties in the shares of corporate stock previously mentioned.

Appellant contends that the notice of the attorney's lien filed by plaintiff did not advise the defendant in that case, nor appellant, nor any one, that plaintiff claimed a one-half interest in the judgment; that a lien is distinct from ownership and inconsistent with it. Hence, it is argued that the notice of an attorney's lien on the judgment would not support the decree in this case to the effect that the plaintiff is the owner of an undivided one-half interest in the judgment. It will be noted that the lien statement does not purport to set out the terms of the contract of employment between plaintiff and Sedbrook. Naturally, that might be a definite sum, or it might be a definite per cent of the judgment, and it might be contingent upon collection, or it might be in compensation for services without regard to success, or part one way and part the other. But, whatever that contract was, the notice of the attorney's lien did not purport to state. It did give notice that the plaintiff claimed a lien upon the entire judgment and upon all moneys due under it for services rendered in that or subsequent proceedings to collect the judgment. So plaintiff was in this situation: He had a contract of employment with Sedbrook (as found by the jury and the court) by which he was to have fifty per cent of the judgment for his services and he gave notice of a lien upon the entire judgment and all moneys due under it for the payment of the contract price of his services. Plaintiff was not compelled to set forth the terms of his contract of employment in his notice of lien. (Gen. Stat. 1915, § 484.) The fact that he claimed a lien upon the entire judgment was notice to defendant in that case, and to everyone that it might take the entire judgment to pay, and it is for the court to determine the amount of the lien. (Gen. Stat. 1915, § 485.) With such notice of lien the at-

torney may recover for his services as stipulated in his contract of employment, provided, of course, that the contract is not champertous, or for some other reason unenforceable (as in *Judy & Gilbert v. Railway Co.*, 111 Kan. 47, 205 Pac. 1116), and the plaintiff is not limited to recover on *quantum meruit.* (*Carter v. McPherson*, 104 Kan. 59, 177 Pac. 533.)

This disposes of the main question in the case, though it is contended by appellant that the evidence does not support plaintiff's claim that his contract was for one-half of the judgment. On this point the evidence is ample to support the findings and judgment.

The judgment of the court below is affirmed.

HOPKINS, J., not sitting.