## No. 41,168

SHEILA LYNN GRAYSON, VINCENT ROCKY GRAYSON, and BEVERLY GRAYSON, by FRANCIS LOGAN, Their Mother and Next Friend, *Appellees*, v. CARL R. GRAYSON, *Appellee*, (JOHN E. PYLES, Attorney at Law), *Appellant.*

(334 P. 2d 341)

Opinion filed January 24, 1959.

C. H. Morris, of Wichita, argued the cause, and *John E. Pyles,* of Wichita, was with him on the briefs for appellant.

Appellees make no appearance.

The opinion of the court was delivered by

FATZER, J.: This appeal involves the enforcement of a "charging" lien of an attorney for professional services rendered under a written contract of employment between him and the mother of three minor illegitimate children as their next friend, whereby the attorney was to receive as payment for his services one-third of whatever amount was recovered in a nonstatutory action against the father for the support and maintenance of the children. No claim is made that notice of the lien was not given, nor that all proceedings thereunder did not comply with G. S. 1949, 7-108 and 7-109, nor does the mother

as next friend claim the amount allowed the attorney under the contract to be unreasonable or excessive.

The case was previously before this court and the validity of the lien was sustained. Our decision reversing the ruling of the trial court that the attorney's lien was contrary to public policy and void is found in *Grayson v. Grayson*, 182 Kan. 285, 320 P. 2d 803, the opinion of which is incorporated herein by reference. In the last paragraph of that opinion this court stated that it knew of no reason why the attorney was not entitled to the enforcement of his lien, and concluded with the language, "the reasonableness of which is not before us."

Following the reversal of the first appeal and upon application of the attorney under G. S. 1949, 7-109 for the enforcement of his lien, the trial court apparently concluded from the language above quoted that it was proper for it to determine the reasonable value of the attorney's services, and, without a hearing or evidence, or notice to or approval of the attorney or his client, concluded that the fee provided in the contract was unconscionable and unreasonable, and that a fee of $350 was reasonable for the services performed. Accordingly, an order was entered directing the clerk to pay to the attorney one-third of the amount of support payments made by the father until the sum of $350 had been paid. A motion for rehearing was filed requesting the court to honor and allow the attorney's lien for one-third or 33 1/3 percent of the sums collected and to be collected during the minority of the children rather than limit the attorney's fee to $350. The motion was overruled and the attorney has appealed.

G. S. 1949, 7-108 provides that an attorney has a lien for a general balance of compensation upon money due to his client and in the hands of the adverse party, in any matter, action or proceeding in which the attorney was employed, from the time of giving notice of the lien to the party, which must be in writing, and may be served in the same manner as a summons, upon any person, officer or agent upon whom a summons may be served. This is referred to as a "charging" lien. (*Holmes v. Waymire*, 73 Kan. 104, 84 Pac. 558; *Ahalt v. Gatewood*, 109 Kan. 328, 331, 198 Pac. 970.)

G. S. 1949, 7-109 deals with the amount of an attorney's lien and provides in substance that when a judgment has been collected or paid to the clerk of the court rendering the same upon which an attorney's lien is claimed, the court may in term-time, or the judge in chambers, without formal pleadings, on application of any party

interested, determine the amount due on the attorney's lien, if any, and make an order for the distribution of the moneys according to the respective rights of the parties. Notice of the application and the time and place of hearing is required to be served upon the opposite party at least five days prior to the time named in the notice of hearing.

May the trial court disregard the contingent fee contract between an attorney and his client in the absence of a showing that it was champertous or for some other reason unenforceable? We think not. In *Grayson v. Grayson,* supra, the contract and the ensuing lien were held not to be contrary to public policy and void; and, neither are they now unenforceable because the amount to be paid the attorney for his services (not only for the preparation and prosecution of the action to judgment, but for the collection of that judgment until the youngest child attains its majority) was contingent upon the amount recovered. (*Sedbrook v. McCue,* 104 Kan. 813, 180 Pac. 787; *Watson v. Woodruff,* 154 Kan. 61, 114 P. 2d 864.) Generally speaking, the fixing of fees for professional services is a matter of agreement between the attorney and his client; courts do not regulate attorneys in that respect, and strike down contracts of employment only when they are champertous, or where the fee charged is unreasonable, or where advantage is taken of the ignorance of the client, or for some other reason which would render the contract void.

This court has held that G. S. 1949, 7-109 does not merely provide a remedy to enforce the common law right with respect to attorneys' liens, but supersedes that right and furnishes the only means and remedy for securing such liens to the exclusion of common law and equitable liens. (*Holmes v. Waymire,* supra; *Ahalt v. Gatewood,* supra.) It has also been held that the attorney's lien secures the contract fee when there is a contract (*Carter v. McPherson,* 104 Kan. 59, 63, 177 Pac. 533), which prima facie establishes the amount due the attorney for his services unless the contract is champertous or for some other reason unenforceable. (*Trinkle v. McCue,* 113 Kan. 623, 625, 626, 216 Pac. 263.) An attorney may recover for his services as stipulated in the contract with his client and is not limited to recovery on *quantum meruit.* (*Carter v. McPherson,* supra.)

The case of *Costigan v. Stewart,* 76 Kan. 353, 91 Pac. 83, 11 L. R. A. (NS) 630, was cited in *Grayson v. Grayson,* supra, and the rule there announced that an attorney employed by a mother of an illegitimate child to assist in the prosecution of bastardy pro-

ceedings under a contract whereby he was to be paid an attorney's fee out of the funds recovered and was entitled to a lien upon such funds, was reaffirmed. It was concluded the rule was applicable in an action to enforce the nonstatutory liability of the father of illegitimate children for their support and maintenance, and the attorney's lien in the instant case was held to be valid against any funds paid by the defendant to the clerk of the district court in discharge of the judgment rendered against him. We here reaffirm that holding.

Our attention has been directed to *Kyne v. Kyne*, 60 C. A. 2d 326, 140 P. 2d 886, holding that a contract between an attorney and the guardian of a minor illegitimate child whereby the attorney was to receive 45 percent of all sums allowed for the support of the child for professional services in bringing the action and securing the judgment, was void as against public policy. That action was brought under § 196a of the civil code of California which makes it the duty of the court to award for the support of the child, whose paternity has been established, an amount sufficient for his support within the means of the father. The statute has been construed by the courts of California to mean that the right to support includes the right to attorney's fees and costs *in addition* to the amount necessary for the support of the minor illegitimate child (*Kyne v. Kyne*, 74 C. A. 2d 563, 169 P. 2d 272; *Andrade v. Newhouse*, 54 C. A. 2d 339, 128 P. 2d 927; *Berry v. Chaplin*, 74 C. A. 2d 669, 169 P. 2d 453), which may be made a part of the judgment after the services of the attorney have been performed. (*Kyne v. Kyne*, 38 C. A. 2d 122, 100 P. 2d 806.) In other words, under the California statute, the court is under a duty to make an allowance for attorney's fees for bringing an action under the statute and for prosecuting it to judgment in addition to awarding support for a minor illegitimate child whose paternity is established. We do not regard the decision as here controlling.

The present action is one to enforce the *nonstatutory* obligation of the father of illegitimate children whose paternity has been established. This action was not brought under our so-called bastardy statutes (G. S. 1949, 62-2301, *et seq.*), for the reason each child was over the age of two years (G. S. 1949, 62-2317), and the trial court was not authorized to assess attorney's fees to the defendant in addition to the amount allowed for the support and maintenance of the minor children, since the allowance of attorney's fees in a statutory action would not have been proper in view of the fact

the bastardy statutes make no provision for such allowance in addition to the amount awarded to the mother and bastard child. (*Costigan v. Stewart,* supra.) In the type of action such as is before us, a contract between an attorney and the mother as next friend is not to be condemned because the services of the attorney are to be paid from the proceeds of the judgment obtained. Moreover, the contract for attorney's fees of one-third of the amount recovered is not unreasonable under the facts and circumstances presented. Although the trial court found otherwise, there is no evidence in the record to support that finding.

It not appearing that the contract in question was champertous or otherwise unenforceable, the amount of attorney's fees was fixed by its provisions and should be awarded by the trial court upon the attorney's application pursuant to G. S. 1949, 7-109.

The judgment of the trial court is reversed with directions to proceed in accordance with the views expressed herein.

It is so ordered.