(973 P.2d 202)

No. 78,633

ROGER BAUGH and ELVA BAUGH, *Appellants,* v. KHALIL BAUGH, a Minor, By and Through HEATHER SMITH, His Parent, Guardian, and Next Friend, *Appellee,* and RICHARD PETTY, *Appellee.*

Opinion filed January 29, 1999.

*Brian D. Pistotnik* of Affiliated Attorneys of Pistotnik Law Offices, P.A., of Wichita and *John C. King,* of King & Brennan, Chtd., of Wichita for appellants.

*Tara L. Bragg* and *Michael R. O'Neal,* of Gilliland & Hayes, P.A. of Hutchinson, for appellee Richard Petty.

*John B. Swearer* and *Anthony L. Gabel,* of Martindell, Swearer & Shaffer, LLP, of Hutchinson, for appellee Khalil Baugh.

Before GERNON, P.J., ROYSE, J., and NANCY E. PARRISH, District Judge, assigned.

Royse, J.: Roger and Evan Baugh (appellants) entered into an agreement with Heather Smith, mother of Khalil Baugh, to divide any proceeds recovered as a result of the wrongful death of Xavier Baugh. The appellants and Smith filed a friendly suit in district court, seeking approval of their proposed settlement with the insurance company and requesting that the insurance proceeds be divided 50 percent to appellants and 50 percent to Smith, on behalf of Khalil. The district court approved the $100,000 settlement with the insurance company but ordered that Khalil was the sole heir of Xavier and entitled to receive the entire amount. This appeal followed.

The facts giving rise to this case are not in dispute. On March 1, 1996, Xavier Baugh was a passenger in a car driven by Richard Petty. The car struck a tree, and Xavier died instantly. At the time of his death, Xavier was 17 years old and living at home with his parents, the appellants. Xavier's girlfriend was Heather Smith. She gave birth to Khalil on July 1, 1996.

Both the appellants and Smith hired the Pistotnik law firm to represent them in a personal injury action against Petty. They were all advised of the potential conflict of interest regarding the division of any recovery and signed a waiver of that conflict. They further acknowledged that they had independently agreed upon the 50/50 division of any recovery without any advice or input from the Pistotnik firm. They all were informed that Khalil might be determined to be the sole heir to Xavier's estate. The Pistotnik firm prepared a settlement brochure and obtained an offer to settle the case for $100,000 from Petty's insurer.

Appellants first argue that the district court erred by refusing to approve the proposed agreement to divide the settlement. They rely on cases which state that compromise and settlement agreements are favored in the law. See, *e.g.*, *Kennedy v. City of Sawyer*, 228 Kan. 439, 454, 618 P.2d 788 (1980). Their analysis overlooks the equally important principle that court approval is necessary in order to bind a minor to an agreement settling a wrongful death claim. *Railway Co. v. Lasca*, 79 Kan. 311, 316, 99 Pac. 616 (1909). In reviewing a settlement agreement, the district court's duty is to protect the interests of the minor. The district court may not simply

rely on the fact that the minor's parents have consented to the proposed agreement. Instead, the court must determine whether the agreement is in the minor's best interests. 79 Kan. at 317-18; *In re Estate of Wise*, 20 Kan. App. 2d 624, 632-33, 890 P.2d 744 (1995); see *Childs v. Williams*, 243 Kan. 441, 757 P.2d 302 (1988).

Appellants argue there is no need to require court scrutiny of settlement agreements under these circumstances, because parents are fully involved in suits which involve injuries to their children. This argument was rejected in *Lasca*, as noted above. Appellants also argue, incorrectly, that the cases requiring such court scrutiny of settlement agreements were not personal injury or wrongful death cases. *Lasca*, in fact, involved personal injuries to an 18-month-old boy, sustained when the wheel of a railroad car ran over his hands.

Finally, the appellants suggest that there was ample consideration for their agreement to divide any recovery, because they agreed not to contest Khalil's paternity. One problem with this argument is that there is nothing in the record to support it. Appellants, in fact, made an unqualified declaration to Petty's insurer that they did not dispute Khalil's paternity, and Roger Baugh testified that he did not deny that Xavier was Khalil's father. Allegations contained in an appellate brief without supporting citations to the record on appeal are presumed to be without support in the record. *In re Care & Treatment of Hay*, 263 Kan. 822, 835, 953 P.2d 666 (1998). In addition, appellants have not explained why such purported consideration should change the district court's duty to scrutinize a proposed settlement agreement in order to bind a minor.

In sum, the appellants' position seems to be that the district court should have simply rubber-stamped their agreement with Smith. This contention is without merit. The district court did not err in rejecting the agreement to divide the settlement.

The appellants' second argument on appeal is that the district court erred by holding that Khalil was Xavier's sole heir. They argue they were the sole heirs during the period after Xavier's death but before Khalil's birth. This argument is without merit.

K.S.A. 60-1902 provides that a wrongful death action may be brought "by any one of the heirs at law of the deceased who has sustained a loss by reason of the death." As used in the wrongful death statutes, the terms "heir" and "heir at law" are interchangeable and refer to " 'one who takes by intestate succession under the Kansas statutes.' " *Johnson v. McArthur*, 226 Kan. 128, 134, 596 P.2d 148 (1979) (quoting *Jackson v. Lee*, 193 Kan. 40, 44, 392 P.2d 92 [1964]).

K.S.A. 59-506 provides in pertinent part that if a decedent leaves a child and no spouse, all the decedent's property shall pass to the child. K.S.A. 59-501(a) provides that " '[c]hildren' means biological children, including a posthumous child; children adopted as provided by law; and children whose parentage is or has been determined under the Kansas parentage act or prior law."

Based on the foregoing statutes and *Johnson*, the district court concluded that Khalil was Xavier's sole heir. Appellants attempt to avoid this conclusion by asserting that parentage must be proved under the Kansas Parentage Act, K.S.A. 38-1110 *et seq.* There are several problems with this contention. First, the parentage act comes into play when there is a dispute about a parent/child relationship. The appellants, however, did not question paternity in this case. Instead, they told the district court that they could have contested paternity, if they had desired to do so. Second, there is nothing in the probate code which requires that a parentage action be brought before a posthumous child can take by intestate succession. Finally, appellants ignore the fact that the district court did determine Khalil is the only child of Xavier. Appellants did not challenge that finding on appeal, and they are bound by it. See *Powell v. Simon Mgt. Group, L.P.*, 265 Kan. 197, 199, 960 P.2d 212 (1998).

Appellants argue that *Johnson* should be overruled. They note that in *Johnson* the court acknowledged application of the statutory language might sometimes produce harsh results. What appellants ignore is *Johnson's* recognition that "it would be impossible to draft a statute which would be fair to all persons in all cases." *Johnson*, 226 Kan. at 135. Appellants also ignore the fact that the legislature has not changed the rule under K.S.A. 60-1905 that recovery in a

wrongful death case is divided "in proportion to the loss sustained by each of the heirs."

"This court is duty bound to follow the law as established by Kansas Supreme Court decisions, absent some indication the Supreme Court is departing from its previously expressed position." *Batt v. Globe Engineering Co.*, 13 Kan. App. 2d 500, 507-08, 774 P.2d 371, *rev. denied* 245 Kan. 782 (1989). Appellants have provided no basis for believing that the Supreme Court is departing from its analysis in *Johnson*.

Finally, appellants urge that they should be considered Xavier's heirs up to the time of Khalil's birth, even if Khalil is determined to be the sole heir upon his birth. This contention is without merit. The probate code does not provide for this sort of consecutive heirship. Moreover, K.S.A. 59-506 provides that all property of the decedent shall go to a surviving child in the absence of a surviving spouse.

For all these reasons, the district court did not err in holding that Khalil was Xavier's sole heir.

Appellants' third argument on appeal is that the district court erred by refusing to award fees to the Pistotnik firm. The district court reasoned that the firm had a conflict of interest "ab initio" and that it was contrary to the best interests of Khalil to deplete his recovery by awarding fees. Resolution of this issue requires interpretation of the applicable ethical rules, a question of law subject to unlimited review on appeal. See *Chrispens v. Coastal Refining & Mktg., Inc.*, 257 Kan. 745, 763, 897 P.2d 104 (1995).

Rule 1.7 (1998 Kan. Ct. R. Annot. 312) of the Model Rules of Professional Conduct addresses the issue of conflict of interest:

"(a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:

(1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and

(2) each client consents after consultation."

The Comment to Rule 1.7 makes clear: "A client may consent to representation notwithstanding a conflict."

Another rule which is instructive is Rule 1.8(g) (1998 Kan. Ct. R. Annot. 317). That rule allows an attorney representing two or

more clients to participate in making an aggregate settlement of their claims only when each client consents after consultation, including disclosure of the existence and nature of all claims and of the participation of each person in the settlement. One method suggested for achieving a permissible aggregate settlement is to ask the clients if they can agree upon a method of dividing the settlement proceeds. ABA/BNA Lawyers' Manual on Professional Conduct § 51.379 (1999).

The district court in this case seems to have adopted a per se rule, ignoring the circumstances under which an attorney may proceed to represent parties having conflicting interests under Rule 1.7. See Wolfram, Modern Legal Ethics § 8.15 (1986).

The record in this case shows that appellants and Smith had signed a waiver of conflict of interest. They acknowledged being informed about the possible conflict arising from joint representation by the Pistotnik firm. They indicated they had independently agreed among themselves to divide any recovery from the lawsuit. The Pistotnik firm then undertook to obtain the best settlement it could for the benefit of appellants and Khalil. Under these circumstances, the district court erred by denying fees to the Pistotnik firm on the basis of a conflict of interest.

The district court also stated that it was denying the Pistotnik firm's fee request in order to protect the interests of the minor child. Our Supreme Court, however, stated in *Grayson v. Pyles*, 184 Kan. 116, 120, 334 P.2d 341 (1959), that "a contract between an attorney and the mother as next friend is not to be condemned because the services of the attorney are to be paid from the proceeds of the judgment obtained." Although *Grayson* involved enforcement of a parent's nonstatutory duty to support a child, there is no prohibition on contingency fee contracts in wrongful death cases or in cases involving minor plaintiffs. Rule 1.5(d) and (f) (1998 Kan. Ct. R. Annot. 304).

The approach taken by the district court in this case also ignores K.S.A. 60-1905. That statute provides for the apportionment of the "net amount recovered" in a wrongful death action, after the allowance of costs and reasonable attorneys fees to the attorneys for

the plaintiffs. The statute clearly contemplates that fees for plaintiffs' counsel will be awarded out of the recovery obtained.

For these reasons, the district court also erred in denying the Pistotnik firm's fee request on the grounds of its duty to the child.

K.S.A. 60-1905 requires the district court to determine a reasonable fee for the plaintiffs' attorneys in a wrongful death case. The general rule is that an attorney is entitled to the reasonable value of services performed for the client. 7 Am. Jur. 2d, Attorneys at Law § 306, p. 313. Determination of a reasonable fee requires consideration of the factors set forth in Rule 1.5(a).

The district court in this case has never addressed the question of what is a reasonable fee for the Pistotnik firm's services in obtaining a settlement with Petty's insurer. The district court has not considered the factors listed in Rule 1.5(a) in connection with the Pistotnik firm's fee request. The record also reveals that Petty's attorney corresponded with the district court about the fee request without providing copies to the Pistotnik firm. Thus, it appears the firm was prevented from making a timely response to those letters. For these reasons, we conclude the case should be remanded for a hearing on the Pistotnik firm's fee request before a different judge.

The appellants' final argument on appeal is that the district court erred by ordering that the fees of the guardian ad litem be paid out of the settlement proceeds. Appellants point out that such fees may be assessed as costs under K.S.A. 60-2002(a), citing *Shelter Mut. Ins. Co. v. Williams*, 248 Kan. 17, 30, 804 P.2d 1374 (1991). *Williams* concludes that the district court may determine who should pay guardian ad litem fees.

Appellants argue that it was unfair to order the entire guardian ad litem fee paid from Khalil's recovery. They point out that this action was filed for the benefit of Petty and his insurer to assure that the settlement of the wrongful death claim was final. In fact, from the record it appears that Petty's attorney made arrangements in advance of the hearing for an attorney to serve as the guardian ad litem. Moreover, K.S.A. 60-2002 provides that costs shall be allowed to the party in whose favor judgment is rendered. The

district court, nevertheless, without elaboration ordered the guardian ad litem fees paid out of Khalil's recovery.

Judicial discretion is abused only when judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only when no reasonable person would take the view adopted by the trial court. *Simon v. Simon*, 260 Kan. 731, 735, 924 P.2d 1255 (1996). Under the circumstances, the district court's order that guardian ad litem fees be paid solely out of the minor plaintiff's recovery, without any explanation, is so arbitrary that no reasonable person would agree with it.

Affirmed in part, reversed in part, and remanded for further proceedings.