FOURNIER v. CLUTTON.

1. DIVORCE—ALIMONY—DECREE—ASSIGNABILITY.
    A decree for alimony, granted to a woman in a suit for divorce, is not assignable.

2. CANCELLATION OF INSTRUMENTS — ASSIGNMENT — RESTORATION OF CONSIDERATION—TENDER—WAIVER.
    Where complainant, before filing her bill to set aside an assignment of a decree for alimony, undertook to make a tender of the consideration she had received for the assignment, but the assignee refused to accept the same, complainant was excused from making a more formal tender.

Appeal from Wayne; Brooke, J.   Submitted April 10, 1906.   (Docket No. 44.)   Decided November 7, 1906.

Bill by Frances L. Fournier and others against Jonathan L. Clutton and others to set aside an assignment of a decree for alimony.   From a decree dismissing the bill, complainants appeal.   Reversed, and decree entered for complainants.

*Edward S. Grece*, for complainants.

*Jeffries & Williams*, for defendant Clutton.

CARPENTER, C. J.   Complainant Frances L. Fournier is the divorced wife of Charles A. Fitzsimmons.   The other complainants are the children of Frances L. Fournier and Charles A. Fitzsimmons.   Charles and Frances were divorced May 10, 1895.   By this decree it was—

" Ordered and decreed that the defendant (Charles A. Fitzsimmons) pay to the complainant (Frances L. Fournier) the sum of $1,000 together with the costs to be taxed in said cause, the same being in full of all rights, claims, and demands of the said complainant upon the said defendant for permanent alimony.   *   *   * · It is further ordered that the complainant have the care, custody, and education of the children, the issue of said marriage, until the further order of this court."

On the 27th day of May, 1897, complainant sold, assigned, and transferred said decree to the first-named defendant for the sum of $200.   The object of this suit is to set aside said assignment on the ground that a decree for alimony is not assignable.   The trial court dismissed said bill.   Complainants appeal.

The briefs of counsel and my own research have enabled me to find but two cases touching the question of the assignability of decrees for alimony, viz., *In re Robinson*, L. R. 27 Ch. Div. 160, and *Kempster* v. *Evans*, 81 Wis. 247 (15 L. R. A. 391).   Each of these cases holds that such a decree is not assignable.   In each of them the alimony assigned was an annuity not yet due.   While the circumstance distinguishes these decisions from the case at bar, it cannot be said that the reasoning upon which they rest is altogether inapplicable to this case.   The ground of the decision in *Re Robinson* is found in these words quoted from the opinion:

" The very nature of alimony is inconsistent with its being capable of assignment.   We are familiar with instances of allowances which are not alienable in the case of men, such as the half-pay of the officers in the army and navy, which are given them in order that they may maintain themselves in a sufficient position in life to enable them to be called out for future service if required.

Although alimony is not the same thing, it is governed by the same principle. Alimony is an allowance which, having regard to the means of the husband and wife, the court thinks right to be paid for her maintenance from time to time, and the court may alter it or take it away whenever it pleases."

In *Kempster* v. *Evans* it is decided that a decree for alimony is not assignable because it may be modified or annulled by the court which gave it.

I think our own decisions (see *Brownson* v. *Roy*, 133 Mich. 617, and cases there cited) will prevent our holding, as did the court in *Kempster* v. *Evans*, that a decree for alimony is not assignable, merely because it may be modified by the court which pronounced it. Can we follow the reasoning of the court in *Re Robinson?* The ground upon which the court in that case held that an award of alimony was not assignable is, as I understand it, this, viz., that the purpose for which the law gives alimony is to secure the maintenance of the wife. I think this ground is sound and that it is applicable to the case at bar. The reason why a wife is denied the right to assign an award of alimony intended by the law for her maintenance is not stated, but it is obvious. It is that she may not, by the exercise of that right, frustrate the purpose of the law. That the principal object for which the law awards alimony is the maintenance of the wife, or of the wife and children, is clear. That the recognition of the wife's right to assign that alimony would tend to defeat this object may be easily shown. If the wife has the right to assign her alimony, she may assign it on such terms and conditions as she may make. She may, as in this case, assign a decree for $1,000 upon the receipt of $200, and thus use it as a means of dissipating her husband's estate without any corresponding benefit to herself or to her children. It is not difficult to imagine instances in which the bulk of the husband's estate might thus be transferred to third persons—possibly to unworthy speculators—and the burden of main-

taining his wife and children imposed upon the public. It is apparent that the wife is not the only person interested in the proper application of money decreed as alimony. Her former husband, her children, and the public are also interested (see *Ferguson* v. *Ferguson*, 145 Mich. 290), and their interests would be in constant jeopardy if she could at pleasure assign such decrees. I conclude, therefore, that the law gave complainant Frances L. Fournier no authority to assign her decree for alimony.

I am not sure that Act No. 230 of the Public Acts of 1899, which makes awards for permanent alimony enforceable by contempt proceedings, has not some bearing upon the question under discussion. I think that act was passed upon the assumption that such awards were not assignable. If it were not passed upon that assumption, we must impute to the legislature the intention of giving to the assignees of such awards the right to enforce them by contempt proceedings. I find it difficult to believe that the legislature had any such intention.

I do not doubt that the suggestion will occur to many who read this opinion that its effect will be injurious to the interests of the wife where she has a decree against a husband who has no present means of support, but who has such expectations that some speculator will buy her decree and advance money which will relieve her present necessities. To those who think this a legitimate criticism, we suggest that they compare the injury resulting in such instances with the benefits that will result in other instances both to the wife and to the public generally by the denial of her right to assign a decree for alimony. But the proper answer to the suggestion is that it is not a legitimate criticism of the opinion. It assumes that the opinion is based on the ground that it is beneficial to wives generally to be denied the right to assign their alimony. While we believe it is so beneficial, this opinion is not based on that ground. It is based on the ground, as heretofore stated, that the existence of the right to assign frustrates the

purpose of the law that alimony shall be used for the maintenance of the wife, or of the wife and children.

It is urged that complainant's bill was properly dismissed on the ground that she was guilty of laches. We think this contention is answered by the case of *Ripley* v. *Seligman*, 88 Mich. 196.

It is also claimed that complainant did not tender defendant the $200 she obtained from him and that for that reason the decree of the lower court should be affirmed. We are convinced by the testimony that before this bill was filed, complainant undertook to make a tender, and that she did not do so because defendant said he would not accept it. This, in our judgment, excused a more formal tender. See *Lacy* v. *Wilson*, 24 Mich. 479.

The decree of the circuit court should be reversed, and a decree entered in this court in accordance with the prayer of complainant's bill. Complainant is entitled to costs of both courts.

McALVAY, GRANT, BLAIR, and MOORE, JJ., concurred.