WELLES v. BROWN.

DIVORCE — ALIMONY — ASSIGNMENT OF ALIMONY VOID — PUBLIC POLICY.

A contract made by a divorced wife with her attorney to allow him to retain 40 per cent. of the alimony collected by him from the husband, who was in default in payment thereof, was void as against public policy, and in an action by her to recover the amount so retained thereunder verdict was properly directed in her favor.

Error to Wayne; Dingeman (Harry J.), J. Submitted January 31, 1924. (Docket No. 73.) Decided April 10, 1924.

Assumpsit by Elizabeth Welles against William E. Brown for money paid on a void contract. Judgment for plaintiff on a directed verdict. Defendant brings error. Affirmed.

*Earl I. Heenan,* for appellant.

*William D. Ellsworth,* for appellee.

CLARK, C. J. Plaintiff, Elizabeth Welles, formerly Elizabeth Church, was granted a divorce March 15, 1915, in the Lapeer circuit from William H. Church, then her husband. There were minor children. The decree provided that Mr. Church—

"pay to the register of the circuit court for the county of Lapeer, in chancery, the sum of three dollars for each child each week in advance, * * * said sum to be paid by the said register * * * to said * * * Elizabeth Church, or to her solicitor, or to such persons as she shall by written order provide."

Mr. Church did not pay. Plaintiff sought the aid

On validity of contract made with attorney as collection of alimony in action for divorce as against public policy, see note in 44 L. R. A. (N. S.) 384.

of defendant, a reputable attorney at law, to collect the amount due. She said to defendant, "Mr. Brown, will you undertake it for 50 per cent.? * * * I do not feel like paying out money if I do not get it." Mr. Brown's undisputed testimony is that "we made the arrangement on her proposition that she would pay me 50 per cent. of the amount collected." Later, by another agreement, he was to retain 40 per cent. and remit 60 per cent. to her. She gave the register an order to pay receipts to defendant. Defendant was diligent. His efforts were effective. When the total amount retained by him as fees, according to agreement, from numerous remittances to him by the register, was $491.02, plaintiff relieved him of further service. She sued to recover the amount retained by him as fees. A verdict was directed for plaintiff and judgment entered thereon.

Defendant's assignments of error raise, principally, the question of the validity of the agreement. We think, as did the trial judge, that it is void. The agreement purported to appropriate definitely to defendant 40 per cent. of the alimony (*Brown* v. *Brown*, 135 Mich. 141), and to give him the complete right to receive and retain the same without further intervention of plaintiff. As between the parties, it was in effect an assignment of 40 per cent. of the alimony. 6 C. J. p. 742. If plaintiff had the right so to dispose of 40 per cent., then she, in her judgment, might dispose of a greater part or all of it. But it is settled that an assignment of alimony is void as against public policy.

"The reason why a wife is denied the right to assign an award of alimony intended by the law for her maintenance is not stated, but it is obvious. It is that she may not, by the exercise of that right, frustrate the purpose of the law. That the principal object for which the law awards alimony is the maintenance of the wife, or of the wife and children, is clear. That

the recognition of the wife's right to assign that alimony would tend to defeat this object may be easily shown.    If the wife has the right to assign her alimony, she may assign it on such terms and conditions as she may make.    She may, as in this case, assign a decree for $1,000 upon the receipt of $200, and thus use it as a means of dissipating her husband's estate without any corresponding benefit to herself or to her children.    It is not difficult to imagine instances in which the bulk of the husband's estate might thus be transferred to third persons—possibly to unworthy speculators—and the burden of maintaining his wife and children imposed upon the public.    It is apparent that the wife is not the only person interested in the proper application of money decreed as alimony.    Her former husband, her children, and the public are also interested (see *Ferguson* v. *Ferguson,* 145 Mich. 290), and their interests would be in constant jeopardy if she could at pleasure assign such decrees."    *Fournier* v. *Clutton,* 146 Mich. 298, 300 (7 L. R. A. [N. S.] 179, 10 Ann. Cas. 392, 117 Am. St. Rep. 638).

See, also, *Jordan* v. *Westerman,* 62 Mich. 170 (4 Am. St. Rep. 836) ; *Nixon* v. *Wright,* 146 Mich. 231 (10 Ann. Cas. 547) ; *Perkins* v. *Perkins,* 10 Mich. 425 ; 19 C. J. p. 237; *Kempster* v. *Evans,* 81 Wis. 247 (51 N. W. 327, 15 L. R. A. 391) ; *In re Robinson,* 27 L. R. Ch. Div. 160; Keezer on Marriage and Divorce (2d Ed.), § 728; 9 R. C. L. p. 258; *Newman* v. *Freitas,* 129 Cal. 283 (61 Pac. 907, 50 L. R. A. 548) ; *Lynde* v. *Lynde,* 64 N. J. Eq. 736 (52 Atl. 694, 58 L. R. A. 471, 97 Am. St. Rep. 692) ; *McConnell* v. *McConnell,* 98 Ark. 193 (136 S. W. 931, 33 L. R. A. [N. S.] 1074).

That defendant ought to have been permitted to amend his plea and to set off against plaintiff's claim a reasonable amount in compensation for his services is a matter not presented by an assignment of error, and therefore cannot be considered.    The question at the trial was the validity of the agreement, not the reasonableness of the fees charged.    As the agreement is

void, it must be held, on the record here, that defendant retains the money without right and that verdict was properly directed.    *Jordan* v. *Westerman, supra;* 44 L. R. A. (N. S.) 384, note.

Judgment affirmed.

McDONALD, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.    MOORE, J., took no part in this decision.