No. 34,445

IRVIN J. DANNENBERG, *Plaintiff*, v. DORIS THOMPSON DANNENBERG, *Defendant*, MABLE I. RAYFIELD, Administratrix of the Estate of F. J. Rayfield, *Appellant*.

(100 P. 2d 667)

Opinion filed April 6, 1940.

*John C. Foulks*, of Atchison, for the appellant.
*Paul B. Bailey*, of Hiawatha, for the appellee.

The opinion of the court was delivered by

THIELE, J.: The question here presented is the right of an attorney for one of the parties in an action for divorce to enforce a contract providing for a contingent fee.

On March 5, 1937, Irvin J. Dannenberg commenced an action against his wife, Doris Thompson Dannenberg, for a divorce, alleging as grounds extreme cruelty and gross neglect of duty, and that a postnuptial contract settling property rights had been entered into. On May 1, 1937, Mrs. Dannenberg, by F. J. Rayfield as her attorney, filed an answer and cross petition in which she alleged the agreement was unfair and inequitable to her and was secured by unfair means. The action was tried on May 13, 1937, and resulted in a judgment of divorce to the plaintiff, but setting aside the postnuptial contract and awarding alimony of $960 to the defendant, payable in installments, and that plaintiff should pay into court for the benefit of defendant's attorney, Rayfield, the sum of $100 payable in four installments. Mr. Rayfield died in December of 1937.

On December 29, 1938, Mable I. Rayfield, as administratrix of the estate of F. J. Rayfield, caused to be served upon the plaintiff and the clerk of the district court and to be filed in the divorce action a notice of attorney's lien claiming a lien on any moneys paid into court to apply on the judgment for alimony, the lien being claimed on account of a contract between Doris Thompson Dannenberg and F. J. Rayfield, a copy of which was attached to the notice. The contract was dated May 12, 1937, which was after the answer had been filed and the day before the action was tried. The contract provided that Doris Thompson Dannenberg employed Rayfield as attorney to represent her in the divorce action and—

"It is agreed that the compensation of the said attorney for said services so to be rendered shall be the fees as allowed by the district judge of Brown county, Kansas, and in addition to this an amount equal to fifty percent of any money or property that may be recovered by said attorney for said Doris Thompson Dannenberg, and each first and second parties agree with the other that they will not without the concurrence of the other make any property settlement."

In March, 1939, Mrs. Dannenberg filed her motion asking that the lien be set aside and held for naught for five asserted reasons, including that the agreement between her and Rayfield was against public policy and that it was never presented at any time to the court for its consideration.

Evidence was presented on the hearing on the motion. It was conceded that the $100 allowed to Rayfield under the divorce decree was paid by the plaintiff and received by Rayfield and also that prior to the filing of the notice of attorney's lien the plaintiff had paid into court installments of alimony aggregating $625, all of which had been paid to defendant or her attorneys other than Rayfield. At the time of the hearing, installments of alimony aggregating $100 were due.

The trial court found that the contract was not presented to the court, nor called to its attention in the trial of the divorce action; that the contract provided the compensation to Rayfield should be the fee allowed by the court and in addition one-half of any alimony awarded defendant, and was in no manner dependent on the reasonableness of the fee allowed by the trial court; and that the contract was unfair, unreasonable, unjust, unconscionable and inequitable and should not be enforced. The court further found the failure to submit the contract was unfair and an imposition on the court. It

concluded there was nothing due to the administratrix by reason of the contract and that all alimony payments made or to be made were discharged and cleared of any lien or claim of lien, etc. The motion of the administratrix for a new trial was denied and she perfected an appeal by serving notice on Doris Thompson Dannenberg, hereafter referred to as the appellee, and the clerk of the district court.

Appellant's contentions are that the trial court was without jurisdiction to determine the matter in the proceedings before it, but that if it did have jurisdiction, its findings were contrary to the evidence and its judgment was erroneous.

On the hearing of the motion the administratrix objected to the hearing or consideration of the motion for the asserted reason the trial court was without jurisdiction, and she contends here that the remedy of the appellee was by an independent action and not by motion in the original action and that the trial court was without jurisdiction. There is no controversy here concerning the service of the claimed attorney's lien, nor that it was filed in the divorce action, and that it was intended to impress a lien in favor of Rayfield on the unpaid installments of alimony due from the plaintiff in that action. It may not be doubted in an ordinary case that such procedure would be proper, and that upon a hearing, and without formal pleadings, an appropriate order could be made establishing the amount of the lien and providing for distribution of moneys in the hands of the clerk. (See G. S. 1935, 7-108, 7-109.) Appellant argues, however, that the only method in which there could be a final determination of the rights of the parties would be upon filing of a petition with subsequent pleadings, hearing, judgment, etc. Our attention is directed to certain provisions of the code of civil procedure, but no authority is cited applicable to a situation such as was presented to the trial court. It would appear that if the attorney claimant could have an informal hearing, such as is provided for in G. S. 1935, 7-109, the person against whom the claim was made was entitled to like informality. A somewhat similar situation was before this court in *Epp v. Hinton*, 102 Kan. 435, 170 Pac. 987, where the question was the right to a jury trial of the party whose interest was to be subjected to payment. It was held the proceeding to enforce an attorney's lien was special and summary in character (l. c. 438), the syllabus reading, in part:

"Being a special statutory proceeding of an equitable nature, neither party is entitled to a trial by jury as a matter of right." (Syl. ¶ 2.)

From the terms of the statute and under the reasoning of the above case, we conclude the trial court had jurisdiction to hear the matter in the manner in which it was presented.

We need not notice appellant's contention that any of the trial court's findings may be contrary to or unsupported by evidence. The basis of the claim for fees is the contract, the execution of which is admitted by all parties. From the paragraph quoted above, it appears an agreement was made for an attorney's fee contingent upon the amount of alimony allowed, and that an agreement was also made there would be no property settlement without concurrence of client and attorney. For both reasons the contract was void as against public policy.

The overwhelming weight of authority is to the effect that a contract between a client and attorney in a divorce action providing for a fee contingent upon the amount of alimony awarded is void as against public policy. (See 5 Am. Jur., p. 361 [Attorneys at Law, § 166] and the various decisions and annotations cited; also, see, 19 C. J. 237 [Divorce, § 557].)

In *Comer v. McGuire*, 121 Kan. 820, 250 Pac. 345, this court had before it a contract set out in full in that opinion. That contract has substantially the same provisions as are contained in the contract now before us. In discussing that contract, this court said:

"The contract was void as against public policy (*Railway Co. v. Service*, 77 Kan. 316, 94 Pac. 262). Plaintiff contends the provision for payment of a fee in the event defendant did settle, compromise, or dismiss her divorce action, left her free to take such a course, and purged the contract. Defendant contracted, however, not to settle, compromise, or otherwise dispose of the divorce action without her attorney's consent. She could conclude no arrangement with her husband, however desirable, independently of her attorney, without breach of contract, and the provision referred to was in effect a stipulation relating to compensation in case of breach of contract. Reconciliation of the parties to the divorce action and amicable adjustment of their affairs not extending to full reconciliation, were thus definitely restrained. The contract in the case of *Railway Co. v. Service*, supra, related to an action for damages for personal injury. The contract was held to be obnoxious to public policy, whether viewed in the light of reason or authority. If there may be degrees of odiousness, a contract interposing a barrier to full control by the plaintiff over a divorce action is more deserving of censure, because of the nature of the litigation. The result is, the judgment was erroneous." (p. 821.)

And it has also been held in this state that in an action other than for divorce, a contract between attorney and client that the client shall not settle the cause of action without the consent of the at-

torney, is contrary to public policy and void. (See *Railway Co. v. Service*, 77 Kan. 316, 94 Pac. 262, and *Graham v. Elevator Co.*, 115 Kan. 143, 146, 222 Pac. 89. See, also, annotation on the subject in 121 A. L. R. 1122.)

Appellant in her brief cites two of our cases approving contingent fees: *Stevens v. Sheriff*, 76 Kan. 124, 90 Pac. 799, and *Costigan v. Stewart*, 76 Kan. 353, 91 Pac. 83, but neither is in point here.

The judgment of the trial court was correct and it is affirmed.