No. 40,719

SHEILA LYNN GRAYSON, VINCENT ROCKY GRAYSON, and BEVERLY GRAYSON, by FRANCIS LOGAN, Their Mother and Next Friend, *Appellees,* v. CARL R. GRAYSON, *Appellee,* JOHN E. PYLES, Attorney at Law, *Appellant.*

(320 P. 2d 803)

Opinion filed January 25, 1958.

*John E. Pyles,* of Wichita, argued the cause and was on the briefs for the appellant.

No appearance for the appellees.

The opinion of the court was delivered by

PRICE, J.: This appeal is from an order overruling a motion for enforcement of an attorney's lien for professional services rendered.

The action was one by three alleged illegitimate children, by their mother and next friend, to compel their father to provide for their support and maintenance. The children were ten, nine and six years of age, respectively.

Following a hearing thereon, the court found that defendant was the father of the three children and rendered a judgment requiring him to pay the sum of $20 per week for their support "until said bastard children herein stated become of majority." The judgment was later reduced to the sum of $15 per week.

Throughout the proceedings the minor children and their mother, as next friend, were represented by John E. Pyles, their attorney. Prior to filing the action the mother, as next friend, entered into a written agreement with the attorney which provided that as payment for his services he was to receive one-third of whatever amount should be recovered in the action. This agreement, referred to as an "attorney's lien," was filed with the petition, and all proceedings thereunder appear to have been in conformity with the provisions of G. S. 1949, 7-108 and 7-109.

Subsequent to the rendition of the judgment for support the attorney sought enforcement of his lien, and following a hearing thereon the court denied it. The journal entry does not include the court's reason for the ruling, but we are advised, and it is not denied, that the court held that an attorney's lien may not attach to the amount of child support recovered in a civil bastardy action.

In passing, it is to be noted that this action was not brought under the so-called bastardy statutes (G. S. 1949, 62-2301, et seq.), the reason apparently being that each of the children was over the age of two years, whereas G. S. 1949, 62-2317, provides that no prosecution under the bastardy act shall be instituted after two years from the birth of such bastard child. This fact, however, does not preclude the bringing of an action such as this.

It is firmly established in this state that the father of an illegitimate child too young to care for itself is under a *nonstatutory* obligation to support it, which may be enforced in an action brought by it through its next friend, and that the action of the legislature

in passing the bastardy act did not evidence an intention to make it the exclusive remedy of enforcing the father's liability. (*Doughty v. Engler,* 112 Kan. 583, 211 Pac. 619, 30 A. L. R. 1065; *Miller v. Miller,* 116 Kan. 726, 729, 730, 229 Pac. 361, 35 A. L. R. 787; *Myers v. Anderson,* 145 Kan. 775, 67 P. 2d 542; *In re Estate of Glass,* 175 Kan. 246, 248, 249, 262 P. 2d 934; *Grimes v. Grimes,* 179 Kan. 340, 343, 295 P. 2d 646; *Wahl v. Walsh,* 180 Kan. 313, 304 P. 2d 525.)

From these decisions it is clear that this action was properly brought.

The only question, then, is whether the attorney is entitled to enforcement of his lien for professional services rendered in bringing the action and securing the judgment.

The question appears to have been answered in *Costigan v. Stewart,* 76 Kan. 353, 91 Pac. 83, 11 L. R. A. (NS) 630, in which it was held:

"An attorney who is employed by the mother of an illegitimate child to assist in the prosecution of bastardy proceedings, under a contract by which he is to be paid an attorney's fee out of the fund recovered, is entitled to a lien upon such fund for his fees." (Syl.)

In that case, as here, the agreement was that the attorney was to receive a fee of one-third of the amount recovered, and the opinion contains a full discussion of the general subject. That action appears to have been brought under the bastardy act, but we know of no reason why the rule there announced should not apply in an action brought for the same purpose to enforce a nonstatutory liability, as was done here. There is nothing analogous in the doctrine of the rule which denies to an attorney a lien upon money obtained by way of alimony award. (*Dannenberg v. Dannenberg,* 151 Kan. 600, 100 P. 2d 667.)

In this appeal no appearance was made by anyone other than the appellant attorney and so we do not have the benefit of a brief or argument in support of the trial court's ruling, but from the record presented and the authorities mentioned, we know of no reason why he is not entitled to enforcement of his lien, the reasonableness of which is not before us.

The judgment is therefore reversed.