LANDRY v ROEBUCK

Docket No. 121179. Submitted December 11, 1991, at Detroit. Decided
April 6, 1992, at 9:35 A.M.

Hope A. Landry obtained a divorce from Franklin A. Roebuck in
the Oakland Circuit Court and was granted custody of and
support for their child. While represented by Wallace C. Win-
ters & Associates and Aaron T. Speck, Landry subsequently
obtained a retroactive increase in child support. In paying an
arrearage that resulted from the increase, Roebuck tendered a
$500 check payable to the friend of the court and a $1,500
check payable to Landry to her attorneys. The attorneys then
asserted a retaining lien on the check for fees Landry owed
them. The court, Gene Schnelz, J., on Landry's motion, ordered
the attorneys to relinquish the $1,500 check to her. Wallace C.
Winters & Associates and Speck appealed.

The Court of Appeals *held:*

This case differs from cases in which courts of other states
have invalidated attorneys' charging liens against funds repre-
senting child support on the ground that monies determined
necessary for children's support would be taken away from
them. The lien in this case is a retaining lien and the child
support arrearage resulted from a retroactive increase in child
support, not a child-support obligor's continuing failure to pay
support as originally ordered. The attachment of an attorney's
lien to a check tendered in payment of a child support arrear-
age that results from a retroactive increase in support does not
undermine Michigan's policy regarding the support of minors
or MCL 552.501 *et seq.*; MSA 25.176(1) *et seq.*

Reversed and remanded.

SULLIVAN, J., dissenting, stated that no real distinctions can
be drawn between charging liens and retaining·liens where the

REFERENCES

Am Jur 2d, Attorneys at Law §§ 315 *et seq.;* Divorce and Alimony
§§ 597, 598, 619, 620.

Attorney's retaining lien: what items of client's property or funds
are not subject to lien. 70 ALR4th 827.

Attorney's assertion of retaining lien as violation of ethical code or
rules governing professional conduct. 69 ALR4th 974.

funds to which they attach are diverted from their intended use as child support, and that a custodial parent receiving child support stands as a trustee and has no right to distribute those funds as attorney fees.

ATTORNEY AND CLIENT — ATTORNEYS' LIENS — CHILD SUPPORT.

An attorney may assert a retaining lien against a check tendered to a client in payment of a child-support arrearage that results from a court-ordered retroactive increase in child-support payments.

*Gelman & Baumkel* (by *Susan J. Ver Beek*), for Hope A. Landry.

*Donald R. MacIntyre,* for Wallace C. Winters & Associates and Aaron T. Speck.

Before: MICHAEL J. KELLY, P.J., and SULLIVAN and CONNOR, JJ.

MICHAEL J. KELLY, P.J. The principal question presented in this matter concerns the validity of an attorney's retaining lien on the proceeds of a certified check payable to a client. The $1,500 check at issue resulted from the attorneys' obtaining a consent order for child support, which was entered on March 14, 1989, and was retroactive to January 1, 1988.

The dispute is between plaintiff Hope Landry, the mother of Landry Roebuck, and the appellants, who were her attorneys. Defendant Franklin Roebuck is not an interested party in this appeal. Appellants are intervenors.

On November 3, 1987, appellants undertook representation of plaintiff and later obtained increased child support, as well as certain medical reimbursements. The medical reimbursements have been disposed of and are not an issue in this appeal. Under the terms of a consent order, appellants obtained an increase in child support from

$35 a week to $140 a week. Two checks totalling
$2,000 were tendered by defendant for child sup-
port arrearages (one check, for $500, was payable
to the friend of the court and the other check, for
$1,500 was payable to plaintiff). The $1,500 check
was retained by appellants, who asserted a retain-
ing lien for fees earned by them. On September 29,
1989, the circuit court, pursuant to plaintiff's mo-
tion to release the checks, entered an order grant-
ing the motion and directing the appellants to
relinquish the $1,500 check to plaintiff. The check
had been certified by the interim by the National
Bank of Detroit. Appellants applied for and ob-
tained a stay of proceedings in this Court pursuant
to an order entered on October 25, 1989. Appel-
lants are here on an appeal as of right. In an
ancillary matter, appellants prosecuted a district
·court action that sought a judgment in the amount
of their fees. The district court has also stayed
proceedings until this Court resolves the principal
question in this appeal.

The question, which is one of first impression in
Michigan, concerns the circumstances under which
an attorney may assert a retaining lien on child
support payments: Is a retroactive order for an
increase in child support subject to the same pub-
lic policy considerations that guide the courts in
preserving child support payments in trust for the
child beneficiaries?

The validity of attorneys' liens asserted upon
child support payments has not been decided by
appellate courts in this state. Other jurisdictions
have held that attorneys' liens, particularly charg-
ing liens against funds representing child support,
are invalid. The seminal case in this regard ap-
pears to be *Fuqua v Fuqua,* 88 Wash 2d 100; 558
P2d 801 (1977). We would be inclined to follow the
reasoning of the *Fuqua* court because it appears to

be well grounded and based on sound public policy considerations, but we distinguish its holding and rationale from the case at bar. The *Fuqua* court held that permitting attorneys' liens to be asserted against child support "would necessarily result in counsel for the custodian taking from the children involved, monies which the court has determined to be necessary to assure their adequate support." *Id.,* p 107. We do not think that analysis carries over to the obtaining of an increase in child support payments which, because of retroactivity, creates a lump sum due the custodian on behalf of the child. *Fuqua* applied to a charging lien. The attorneys at bar seek enforcement of a retaining lien. The dissent fails to make the distinction between arrearages created by virtue of failure to pay court-ordered requirements, i.e., back support, vis-à-vis a retroactive increase.

There is no doubt that the purpose of child support is to ensure that the child's immediate needs are cared for on a continuing basis. The $1,500 payment in question here could not be applied to immediate needs. The lump sum was the result of an increase from $35 to $140 a week. The $1,500 check was partial payment of the arrearage. The lump sum did not become payable and was not paid until adequate present and future payments were ordered and in force and effect. We are not persuaded that the attachment of an attorney's lien to a check representing retroactively increased child support arrearages undermines Michigan's policy regarding the support of minor children or 1982 PA 294, as amended. MCL 552.501 *et seq.*; MSA 25.176(1) *et seq.* To the contrary, such a ruling would tend to inhibit litigation on behalf of such minors and their custodians who seek to increase child support orders already in force but thought to be inadequate.

Neither are we persuaded by the argument that appellants' use of their lien to retain assets worth more than their fees is an improper use of the retaining lien. The trial court could have decided the appropriate amount of the fees and divided the $1,500 check accordingly when it took jurisdiction. Because the amounts have now been determined through subsequent litigation in the district court, we remand this case to the circuit court for an order of distribution that accords with the district court's determination.

Reversed and remanded. Costs to appellants.

CONNOR, J., concurred.

SULLIVAN, J. *(dissenting)*. I dissent.

The majority has found what I perceive to be a distinction without a difference. Certainly as the laborer is worthy of his hire, the attorney is worthy of his fee. The plaintiff paid her attorney, also her cousin, $800. Her attorney now holds in addition the check for $1,500, out of which he wants to satisfy his judgment for fees.

That money comes ultimately from a single source—the support for the child, Landry Roebuck. Whether there exists a charging lien or a retaining lien matters not; the money comes from the same source and it is for the same end. The fact that the $1,500 covers arrearages does not change its nature as support. You can paint stripes on a horse and call it a zebra, but it is still a horse.

Hope Landry was awarded the money for the support of Landry Roebuck. She stands as a trustee of such funds and has no right to distribute them as attorney fees. She could not assign her interest in those funds, *Fournier v Clutton,* 146 Mich 298; 109 NW 425 (1906), nor could she voluntarily encumber them with a contingent-fee agree-

ment, *Welles v Brown,* 226 Mich 657; 198 NW 180 (1924).

To charge an attorney's lien on support arrearages is to cut the heart out of the purpose of Michigan's policy of child support. See *Fournier, supra,* p 300.

The majority holds that the attorney may not tap regular support payments, but may tap arrearage payments. The Supreme Court in Washington, in addressing that question in *Fuqua v Fuqua,* 88 Wash 2d 100, 108; 558 P2d 801 (1977), said:

> Appellant has asserted that his liens are valid at least to the extent that they involve back support —with this contention we cannot agree. We see no reason to allow assertion of a lien against support monies which are, after long delay, made available to children who have been deprived of the benefit of adequate support on a regular basis. The fact that such children may have managed to get along, though deprived of adequate support for some time, certainly does not compel the conclusion that those support monies are in any way less important to the welfare of the children involved than they were at the time awarded. Indeed, it is quite likely that the back support would be needed to satisfy indebtedness incurred by the custodian on behalf of the family during the period in which the family was without adequate support.

*Fuqua* applies to both charging and retaining liens.

I would affirm.