(968 P.2d 1114)
No. 78,218

In the Matter of the Marriage of ROXANNE LYNN WAGEMAN, *Petitioner/Appellant,* and JOSEPH ANTHONY WAGEMAN, *Respondent.* ROBERT S. JONES, *Appellee.*

Opinion filed December 4, 1998.

*Roxanne Lynn Wageman,* appellant pro se.

*Robert A. Martin* and *Robert S. Jones,* of Norton, Wasserman, Jones & Kelly, of Salina, for appellee.

Before MARQUARDT, P.J., LEWIS, J., and C. FRED LORENTZ, District Judge, assigned.

LORENTZ, J.: Roxanne Wageman appeals the order of the District Court of Saline County to pay an attorney's lien out of funds received from a settlement of a claim for unpaid child support.

Roxanne Wageman (Wageman) and Joseph Wageman (Joseph) divorced in 1989. The court ordered Joseph to pay $979 per month child support. In addition to the monthly child support, Joseph was ordered to pay a lump sum each March based on income from his bonus.

In April of 1996, Wageman retained Robert S. Jones to represent her in an action to modify the support obligation and collect past due child support attributable to Joseph's bonus. Recalculating the actual amount of child support for past years proved to be laborious, requiring preparation of 75 to 100 child support worksheets.

Jones sent Wageman a fee agreement letter which Wageman denies receiving. The letter detailed the retainer amount and

hourly rate for Jones' services. Wageman made one $165 payment in July of 1996, at which time she owed Jones $1,976.25. Jones added personal notes to Wageman's June and July statements requesting payment. Jones claims that Wageman agreed that Jones' fee would be paid out of the amount she recovered. By the time the parties settled their dispute for $17,148.19, the balance due Jones was $4,521.

When Jones notified Wageman that he had received the settlement check, Wageman arranged to stop payment on the check and had a new check issued payable only to the district court. Jones filed an attorney's lien for payment from the check. At Wageman's request, the district court reviewed Jones' attorney fees and found that the fees were reasonable for the services provided. The district court then ordered the undisputed amount of the settlement paid out to Wageman and ordered the amount claimed for attorney fees held pending a hearing on the lien. Following a hearing, the court ordered payment of $4,521 to Jones' firm. In its ruling, the court found:

"The services provided by the attorneys in question were specifically utilized to collect the compromise and settlement amount and the subsequent judgment. The Court further finds that the lien in question is valid and the funds should be paid to the attorney filing said lien."

Citing K.S.A. 60-2308(e), Wageman argues that all child support is exempt from execution, attachment, or garnishment:

"Money held by the state department of social and rehabilitation services, any clerk of a district court or a district court trustee in connection with a court order for the support of any person, whether it be identified as child support, spousal support, alimony or maintenance, shall be exempt from execution, attachment or garnishment process."

In construing statutes, it is the duty of the court, where practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible. *KPERS v. Reimer & Koger Assocs., Inc.*, 262 Kan. 635, 644, 941 P.2d 1321 (1997). In the context of the rest of article 23, which includes the homestead and related exemptions, as well as the exemptions for personal property and various types of compensation and benefits, including workers

compensation, it would appear the exemption is intended to shelter the support funds from claims unrelated to acquisition of the entitlement. For instance, the homestead exemption does not shelter the homestead from foreclosure of a mortgage on the property; a creditor may have an enforceable security interest in otherwise exempt personal property; and workers compensation awards are available to satisfy the attorney fees incurred in obtaining the awards.

Under the facts of this case, we hold K.S.A. 60-2308(e) does not apply for the reason that the money is a settlement of a disputed claim. Wageman cites additional authorities that exempt from attachment or garnishment those funds arising out of or required for support payments. K.S.A. 60-2310 clearly is not applicable here as it deals with limitations on what can be taken out of wages. She also cites a portion of 42 U.S.C. § 602 (1994), which relates to the limitation on the Internal Revenue Service's ability to seize wages needed for the payment of support and certain subsistence payments. Again, that is not applicable as we are dealing with a lump sum recovery of disputed past due child support, not money used to pay current child support.

Wageman also cites authority which authorizes collection of a fee for child support enforcement under Title IV-D of the federal Social Security Act. Under K.S.A. 39-756(a)(2), by applying for or receiving support enforcement services, the applicant *is deemed* to have made an assignment of support rights to the Kansas Department of Social and Rehabilitation Services. In "Non-PA" cases (cases in which the applicant, recipient, or child is not receiving public assistance), a cost recovery fee of two percent is collected, and deemed assigned, from the support recovery. K.A.R. 30-44-2(b)(1997). Clearly, support payments are not exempt from all claims. It is inconsistent to argue that a claim by a public agency for the cost of procuring the payment of child support on behalf of the recipient is permissible, but an attorney's lien to ensure payment of the attorney fee resulting from efforts to collect child support is not permissible.

While the foregoing authorities are not directly applicable here, Wageman argues that they support a public policy which generally

protects child support funds from creditors. In response, Jones argues that the statutes providing for attorney's liens, K.S.A. 7-108 and 7-109, authorize him to place a lien on funds obtained through his work regardless of the source or purpose of those funds.

Wageman cites *Dannenberg v. Dannenberg*, 151 Kan. 600, 100 P.2d 667 (1940), where the court disallowed an attorney's lien against unpaid installments of alimony because the underlying contract was void as against public policy. The Supreme Court held the contract void because the contract with the attorney was for a contingency fee, and it prohibited the client from settling without the attorney's consent. The facts in *Dannenberg* are totally different from those of the instant case, and Wageman has misconstrued this decision.

Both parties cite *Grayson v. Grayson*, 182 Kan. 285, 320 P.2d 803 (1958). In *Grayson*, quoting *Costigan v. Stewart*, 76 Kan. 353, 91 Pac. 83 (1907), the Supreme Court held that "[a]n attorney who is employed by the mother of an illegitimate child to assist in the prosecution of bastardy proceedings, under a contract by which he is to be paid an attorney's fee out of the fund recovered, is entitled to a lien upon such fund for his fees." 182 Kan. at 287.

The issue of whether an attorney may recover his or her fee for work performed in obtaining judgment or settlement of past due child support from the amount recovered appears to be an issue of first impression in Kansas.

Other states have more recently addressed the issue. See Annot., Alimony or Child-Support Awards as Subject to Attorneys' Liens, 49 A.L.R. 5th 595. A majority of states do not allow attachment of child support; however, the facts of the cases do not parallel those of the instant case. See *Glickman v. Scherer*, 566 So. 2d 574 (Fla. Dist. App.), *reh. and reconsideration denied* (1990); *Brake v. Sanchez-Lopez*, 452 So. 2d 1071 (Fla. Dist. App. 1984); *Law Office of Tony Center v. Baker et al.*, 185 Ga. App. 809, 366 S.E.2d 167 (1988); *Fuqua v. Fuqua*, 88 Wash. 2d 100, 558 P.2d 801 (1977); and *Sue Davidson, P.C. v. Naranjo*, 904 P.2d 354 (Wyo. 1995).

On the other hand, the Utah Court of Appeals has held that the attorney's lien statute applies to all causes of action, including current support payments. *Eastmond v. Earl*, 912 P.2d 994 (Utah App.

1996), relying on *Hampton v. Hampton*, 85 Utah 388, 39 P.2d 703 (1935). The Michigan Court of Appeals held that attachment of a lump sum payment of arrearage resulting from a retroactive increase in child support does not undermine the state's policy regarding support of minors. *Landry v. Roebuck*, 193 Mich. App. 431, 484 N.W.2d 402 (1992).

In *Landry*, the attorney represented the mother in obtaining a consent order providing for an increase in child support and payment of arrearages resulting from the retroactive increase. The attorney asserted a retaining lien on a check payable to the mother. The *Landry* court approved the policy considerations of *Fuqua* but distinguished its case on the basis of the lump sum payment of arrearages resulting from retroactive modification. The court reasoned that arrearages resulting from failure to pay court ordered support would be a different matter. The lump sum was in addition to the support required to meet the child's current needs, thus attachment would not undermine the policy. The court held that ruling against the attachment would tend to inhibit litigation necessary to increase inadequate support. *Landry*, 193 Mich. App. at 434.

In the instant case, Wageman settled for a lump sum payment of over $17,000 which represented arrearages resulting from miscalculation of child support from Joseph's bonus during a 6-year period. Over that time, Wageman received regular payments of current support, initially in an annual amount of over $20,000 per year. At the time of the settlement, two of the couple's four children were adults and a third was about 2 months under the age of 18. This lump sum payment represents support for children who were adequately supported as minors and are now adults. Current support for the remaining minor child continues at $766 per month plus a substantial lump sum adjustment when Joseph's annual bonus is paid each March. Enforcement of the lien would not deprive the children of necessities. We find that in an action for recovery of an arrearage of support, the attorney for the claimant is entitled to an attorney's lien against the amount of settlement or judgment for fees incurred in obtaining the settlement or judgment.

Wageman next argues that the district court erred in finding Jones' fee was reasonable. As part of her argument, Wageman also argues that absent a contract, the court could not find the fees were reasonable. Jones contends this issue is not properly before the court as it was not included in the notice of appeal. However, the trial court incorporated its earlier finding that the fee was reasonable in the judgment from which Wageman appeals.

The reasonableness of fees is a matter of judicial discretion. *Maas v. Huxtable & Assocs., Inc.*, 23 Kan. App. 2d 236, 929 P.2d 780 (1996). The trial judge is an expert regarding the value of an attorney's services and may apply his or her own knowledge and professional experience in determining the value of legal services. *St. Clair v. St. Clair*, 211 Kan. 468, 499-500, 507 P.2d 206 (1973). The trial court found the fee to be reasonable given the difficulty of the issues and time required to recalculate child support each time a factor in the equation changed. Considering the volume and complexity of documents in the record on appeal, the trial judge did not abuse his discretion.

Wageman contends that she did not agree to deduct fees from the settlement. Although Wageman denies receiving a copy of the engagement letter setting out the fees, the

"[p]arties may be as firmly bound by implied contracts as by those expressed in formal language. In some cases parties arrive at agreements by words, either oral or written; and in other cases they arrive at an agreement by acts and conduct, showing a mutual intention to contract, and from which the law implies a contract." *Rains v. Weiler*, 101 Kan. 294, 297, 166 Pac. 235 (1917).

Where an agreement to pay for services is implied by the circumstances and conduct of the parties, a claim for compensation will be sustained. 101 Kan. at 298.

The implied in fact contract is the product of a genuine agreement though not expressed in words. The existence of the contract and its terms are proved by circumstantial evidence. Even in the absence of an agreement between the parties or Wageman's understanding that she would be responsible for Jones' hourly fee, the law will imply a contract as necessary "in equity and good conscience" to prevent Wageman's unjust enrichment. 1 Dobbs, Law

of Remedies § 4.2(3), p. 579 (2d ed. 1993); 66 Am. Jur. 2d, Restitution and Implied Contracts § 24, p. 968.

In the case before us, Jones regularly sent detailed billing statements and communicated with Wageman about the growing balance of her legal fee. She allowed Jones to continue to pursue collection of the child support. She approved and accepted the settlement obtained through Jones' efforts. The fact that Jones continued to work after giving Wageman notice that he could not continue to carry the balance is strong circumstantial evidence of the existence of some agreement regarding payment. His claim that Wageman agreed to pay the bill when she received the settlement check is plausible, particularly in light of Wageman's expectation that Joseph would be assessed attorney fees. We hold that where an agreement to pay for legal services is implied by the circumstances and conduct of the parties, a claim for compensation will be sustained.

Finally, Wageman argues that Jones breached any contract he had with her by failing to obtain an income withholding order and obtaining an award of attorney fees.

This issue is without merit. There is no guarantee of success in any legal proceeding and to assume otherwise would undermine the entire concept of justice in our courts. Wageman knew when she approved the settlement that it did not contain an amount for Joseph to pay her attorney fees. Moreover, the withholding order authorized by K.S.A. 23-4,107 is discretionary with the court and is effective only under specified conditions which do not apply to an arrearage resulting from retroactive modification. See K.S.A. 23-4,107(a). Jones offered to submit an ineffective order to the court but advised Wageman his doing so would result in additional fees. She did not request that he submit the order.

Affirmed.