Peter K. Curran, Counsel Unified School District No. 497 U.S. Bank Tower 900 Massachusetts, Suite 500 P.O. Box 189 Lawrence, Kansas 66044
Dear Mr. Curran:
As legal counsel for Unified School District No. 497 (U.S.D. No. 497), you request our opinion regarding the manner in which years of employment are to be determined for establishing whether a person who has retired from employment with a unified school district must be allowed to participate in the school district's healthcare plan pursuant to K.S.A.12-5040. Specifically, you ask whether the years of employment must be consecutive or may be cumulative. You raise this issue because a person who had been employed by U.S.D. No. 497, but left employment to work for a State agency, has returned to employment with the School District. This person is concerned about healthcare coverage after retirement.
A unified school district[1] that provides an employer-sponsored group healthcare benefits plan for its employees is obligated to "make coverage under such group health care [sic] benefits program available to retired former employees and their dependents, upon written application filed with the clerk or secretary thereof within 30 days following retirement of the employee. . . ."[2] The school district is obligated to "make such coverage available to all persons who were employed by the [school district] for not less than 10 years and who retired from such employment after December 31, 1988, and may make such coverage available to other retired employees and their dependents."[3] The statute does not expressly state whether the years of employment must be consecutive or whether they may be cumulative.
In order to properly construe the statute, we follow the rules of statutory construction.
"Interpretation of a statute is a question of law, and it is the function of the court to interpret a statute to give it the effect intended by the legislature. It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained.
"`In determining legislative intent, courts are not limited to consideration of the language used in the statute, but may look to the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished, and the effect the statute may have under the various constructions suggested. In construing statutes, the legislative intention is to be determined from a general consideration of the entire act.' (Citation omitted.)"[4]
"It is presumed that the legislature intended that its enactments are to be given a reasonable construction, so as to avoid unreasonable results."[5]
K.S.A. 12-5040 was enacted in 1988[6] to address the Legislature's concern regarding the difficulties in obtaining adequate healthcare insurance that were encountered by members of the Kansas Public Employees Retirement System (KPERS) who retired prior to reaching the age of 65.[7]
"K.S.A. 12-5040 was enacted with the intention of providing for continued participation in group healthcare plans beyond the 18-month continuation period mandated by the Consolidated Omnibus Budget Reconciliation Act, (COBRA)."[8] Given the Legislature's concern regarding early retirees who participated in KPERS, it is appropriate to review provisions in Article 49 of Chapter 74 of the Kansas Statutes Annotated to gain perspective on the Legislature's intent.
At the time K.S.A. 12-5040 was enacted, a member of KPERS who had provided ten years of credited service acquired a vested interest in a retirement benefit payable under KPERS.[9] Credited service[10]
included years of participating service[11] and prior service.[12]
"(3) Termination of employment of a member, followed by employment with a participating employer within five years after such termination, does not constitute a break in continuous employment if such member has not withdrawn accumulated contributions. Such period while not employed shall not be credited.
"(4) If, after the expiration of five years following the termination of employment, a former member becomes an employee of such former member's former participating employer, or another participating employer, such former member shall be deemed to be a new employee. If a member, who has a vested benefit again becomes an employee of a participating employer, any credited service such member subsequently accrues shall be added to that which had been vested by virtue of previous service. Eligibility of such member for retirement benefits and procedures for making application for retirement benefits shall be in accordance with K.S.A. 74-4914 and amendments thereto."[13]
At the time K.S.A. 12-5040 was enacted, similar provisions existed in statutes governing other retirement systems administered by KPERS.[14]
"[T]he legislature is presumed to act with knowledge of existing statutory and case law."[15] It was clearly established by the Legislature that the years of credited service required to gain a vested interest in a benefit payable under the retirement systems administered by KPERS need not be accumulated in an uninterrupted manner. Years of service required in order to be eligible to retire under one of the systems administered by KPERS and to receive benefits from KPERS do not need to be consecutive. The Legislature enacted K.S.A. 12-5040 to address difficulties faced by members of KPERS who had retired under one of the systems administered by KPERS. If the Legislature had intended that the manner for determining eligibility for participating in an employer-sponsored group healthcare benefits plan pursuant to K.S.A.12-5040 be distinct from the manner afforded in Article 49 of Chapter 74 for determining eligibility to retire under any of the systems, the Legislature could have clearly indicated this intent by stating that the years of employment under K.S.A. 12-5040 be consecutive. Instead, the Legislature has stated only that the person be employed by the local government for not less than 10 years.
Interpreting the years of employment necessary under K.S.A. 12-5040 to be cumulative rather than consecutive is further supported when reviewing the effect the statute has under the two interpretations. To interpret the years of employment necessary under K.S.A. 12-5040 as needing to be consecutive would result in two members who have retired at the same age after being employed for the same number of years by the same local government and who are receiving benefits under the same retirement system being treated substantially different. Under such an interpretation, a person who was employed for 10 consecutive years prior to retirement would be eligible to participate in the local government's employer-sponsored group healthcare benefits plan while the person whose years of employment are cumulative would still encounter the difficulties that the Legislature intended to alleviate through enactment of K.S.A.12-5040. The interpretation becomes more implausible when it is considered that a person who is employed by a local government for several years, leaves employment for a short time, then returns to employment for just under ten years prior to retirement would be vested in a retirement system administered by KPERS and eligible to receive benefits, but remain ineligible to participate in the employer-sponsored group healthcare benefits plan. Such an unreasonable construction of the statute is to be avoided. Therefore, in our opinion, the years of employment that a person is required to meet in order to be eligible to participate in a local government's employer-sponsored group healthcare benefits plan pursuant to K.S.A. 12-5040 need only be cumulative. Whether the employee of U.S.D. No. 497 is eligible to participate in the School District's group healthcare benefits plan is to be determined by adding the number of years of employment with the School District prior to leaving for State employment with those years of employment subsequent to the employee's return to U.S.D. No. 497.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm
[1] K.S.A. 12-5040(c) ("'local government' means any . . . school district").
[2] K.S.A. 12-5040(a).
[3] K.S.A. 12-5040(b) (emphasis added).
[4] In re Lietz Construction Co., 47 P.3d 1275, 1282 (Kan. 2002), quoting West v. Collins, 251 Kan. 657, 666 (1992).
[5] In re Marriage of Comley, 272 Kan. ___, Syl. ¶ 1, 32 P.3d 1128,1131 (Kan. 2001), quoting Carlson v. Ferguson, 270 Kan. 576, Syl. ¶ 1 (2001).
[6] L. 1988, Ch. 302, § 18.
[7] Attorney General Opinion No. 2001-11. See also Report on KansasLegislative Interim Studies to the 1988 Legislature: Proposal No.36 (December, 1987); Attorney General Opinions No. 2000-48, 94-31, 89-122.
[8] Id.
[9] L. 1985, Ch. 254, § 11, codified at K.S.A. 2001 Supp. 74-4917. Seealso L. 1981, Ch. 312, § 3, codified at K.S.A. 74-4938 (State School Retirement System); L. 1984, Ch. 289, § 14, codified at K.S.A. 2001 Supp. 74-4963 (Kansas Police and Firemen's Retirement System; vested after 20 years of credited service).
[10] L. 1988, Ch. 302, § 4, codified at K.S.A. 2001 Supp. 74-4902.
[11] Id. ("the period of employment after the entry date for which credit is granted a member").
[12] Id. ("the period of employment of a member prior to the member's entry date for which credit is granted a member under this act").
[13] L. 1985, Ch. 254, § 11, codified at K.S.A. 2001 Supp. 74-4917.
[14] See L. 1984, Ch. 289, § 3, codified at K.S.A. 2001 Supp. 20-2606
(Retirement System for Justices and Judges); L. 1983, Ch. 254, § 14, codified at K.S.A. 2001 Supp. 74-4936 (State School Retirement System); L. 1982, Ch. 319, § 34, codified at K.S.A. 2001 Supp. 74-4956 (Kansas Police and Firemen's Retirement System).
[15] State ex rel. State Bd. of Healing Arts v. Beyrle, 269 Kan. 616,629 (2000).